Judgment reversed<br>and cause remanded.

SADLER and MCGRATH, JJ., concur.

The STATE of Ohio, Appellant,

v.

DELTORO et al., Appellees.

[Cite as *State v. Deltoro*, 165 Ohio App.3d 750, 2006-Ohio-1280.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 06–MA–18.

Decided March 16, 2006.

Paul J. Gains, Mahoning County Prosecuting Attorney, and Rhys B. Cartwright–Jones and Martin Desmond, Assistant Prosecuting Attorneys, for appellant.

Douglas A. King, for appellee Franky L. Deltoro.

Douglas B. Taylor, for appellee Armando C. Rodriguez–Baron.

---

Donofrio, Judge.

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from a Mahoning County Common Pleas Court judgment ordering it to disclose the identity of its confidential informant to defendants-appellees, Franky Deltoro and Armando Rodriguez–Baron.

{¶ 2} During April and May 2005, a confidential informant, working with police, engaged in controlled drug buys involving appellees' codefendant, Daniel Morales.[1] The information obtained by the informant formed the probable cause for a search warrant that was executed at Morales's residence on May 17, 2005. On May 14, appellees arrived at Morales's house, where they stayed for the next few days. When the search warrant was executed, a large amount of marijuana was found in the house, some of which was packaged for sale and distribution.

{¶ 3} On May 26, 2005, a Mahoning County grand jury indicted appellees and Morales on one count of possession of marijuana, a second-degree felony in violation of R.C. 2925.11(A)(C)(3)(f), and one count of trafficking in marijuana, a first-degree felony in violation of R.C. 2925.03(A)(2)(C)(3)(f).

{¶ 4} On June 9 and 10, appellees filed discovery requests. On June 14, appellant provided appellees with some discoverable evidence.

{¶ 5} On June 19, Deltoro filed a motion to compel discovery. In this motion, Deltoro requested that the court compel appellant to provide him with the identity of its informant. He stated that he needed the information in order to explore the possibility of a motion to suppress based on lack of probable cause to issue the search warrant that turned up the drugs.

{¶ 6} On August 17, Deltoro filed several discovery motions, none of which contained a specific reference to the informant. On September 14, Deltoro sent a request to appellant asking for six specific items that he had not yet received in discovery. Four of those items were audiotapes of conversations involving the informant. Appellant turned these tapes over to appellees.

---

1. Morales eventually entered into a plea deal with appellant and agreed to testify against appellees. Thus, he is not a party to this appeal.

{¶ 7} On October 11, appellant filed a memorandum in opposition to Deltoro's motion to reveal the informant's identity. In this memorandum, appellant requested that the trial court deny a hearing on the matter. Appellant asserted that appellees were not charged with crimes resulting from transactions with the informant and thus the informant's identity was irrelevant.

{¶ 8} On October 14 and 17, appellees filed motions to suppress the marijuana and other evidence seized during the execution of the search warrant. They argued that the affidavit in support of the search warrant failed to provide any basis for the informant's knowledge or to demonstrate the informant's reliability. The trial court held a hearing on the suppression motions, and overruled them on December 8. It seems that the trial court also implicitly overruled Deltoro's motion to disclose the informant's identity at this time because it was argued in conjunction with the motion to suppress.

{¶ 9} On February 7, 2006, Deltoro filed a renewed motion for disclosure of the informant. In this motion, he stated that he had reviewed the audiotapes between the informant and Morales, which led to the search warrant. According to Deltoro, the tapes contain potentially exculpatory evidence. He asserted that the tapes are dated prior to the date on which appellant alleges that appellees arrived at Morales's residence. Furthermore, he contended that the conversations revealed an expectation that marijuana would be delivered by a female. Thus, he contended that the conversations demonstrated that he was not the one who had delivered the marijuana, as appellant alleged. Deltoro asserted that he wished to play this potentially exculpatory evidence for the jury. However, the only way to get the tapes into evidence was by way of the informant's testimony, which would lay the proper foundation for the taped conversations.

{¶ 10} The next day, without waiting for a written response by appellant, the trial court ordered appellant to identify the informant by February 9. Appellant, acting through prosecuting attorney Martin Desmond, refused to disclose the informant. The trial court consequently found Desmond in contempt and ordered him jailed until he disclosed the informant.

{¶ 11} Appellant immediately filed a motion for leave to appeal and a notice of appeal. Appellant also sought a stay of the order to disclose the informant and of the contempt finding. The trial court granted the stay of its contempt finding, but denied the stay of its disclosure order and stated that the trial would proceed the following week. This court granted an emergency temporary stay of the trial's court order to disclose the informant.

{¶ 12} Initially, we should mention that the parties filed several preliminary motions with this court dealing with (1) whether this case involves a final, appealable order, (2) appellant's invocation of our jurisdiction, and (3) supplementation of the record with additional transcripts and an affidavit. Appellees have

also raised some of these issues in their briefs. These issues have been resolved by our prior journal entries. Thus, we can immediately move on to address the merits of appellant's argument.

{¶ 13} Appellant raises three assignments of error. Because its second assignment of error is dispositive, we will address it first. It states:

{¶ 14} "The trial court abused its discretion in ordering plaintiff-appellant to reveal the identity of the confidential informant."

{¶ 15} Appellant asserts that the trial court abused its discretion in ordering it to disclose its informant's identity.

{¶ 16} First, it notes that the court overruled Deltoro's first motion to disclose the informant when it overruled the motion to suppress. Appellees initially sought the identity of the informant so that they could test his reliability and credibility for the information that led to the search warrant. Appellant contends that when the trial court found that the issuing judge had a substantial basis for finding that probable cause existed in support of the search warrant, it implicitly found the informant to be reliable and credible and, thus, overruled the motion to disclose the informant's identity.

{¶ 17} Second, appellant argues that Deltoro did not file his renewed motion for disclosure of the informant in a timely manner. It contends that Deltoro waited until five days before trial to file the motion, in violation of Crim.R. 12(D).

{¶ 18} Third, appellant claims that the trial court should have held a hearing on the motion or at least given it an opportunity to respond. It noted that the court granted Deltoro's motion the day after he filed it.

{¶ 19} Fourth, appellant argues that the court was required to make findings of fact and conclusions of law, which it failed to do. It concedes that under normal circumstances it should have requested findings of fact and conclusions of law. But it argues that the trial court did not give it a chance to do so, because it did not receive a copy of the order until 5:00 p.m. and the order required it to disclose the informant by the following morning.

{¶ 20} In response, appellees argue that appellant waived its right to hearing because it failed to request one. They also point out that appellant's response to the original motion to disclose the informant's identity requested that the court not hold a hearing on the matter. They argue that in the renewed motion to disclose, Deltoro included specific allegations setting forth the need for disclosure so as to provide the trial court with enough information to rule on the motion.

{¶ 21} On appeal, a trial court's decision to disclose a confidential informant's identity will not be reversed absent an abuse of discretion. *State v. Feltner* (1993), 87 Ohio App.3d 279, 282, 622 N.E.2d 15. An abuse of discretion

connotes more than an error of law or judgment; it implies an attitude that is arbitrary, unreasonable, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

{¶ 22} When a defendant requests that the state disclose a confidential informant's identity, the burden is on the defendant to show that the need for the informant's testimony outweighs the government's interest in keeping the identity of the informant secret. *State v. Brown* (1992), 64 Ohio St.3d 649, 653, 597 N.E.2d 510. The state must reveal the informant's identity to a criminal defendant if the informant's testimony either (1) is vital to establishing an element of the crime or (2) would be helpful or beneficial to the defendant in preparing or making a defense. *State v. Williams* (1983), 4 Ohio St.3d 74, 4 OBR 196, 446 N.E.2d 779, at the syllabus.

{¶ 23} Whether the state must disclose the identity of a confidential informant involves the balancing of competing interests. Id. at 75, 4 OBR 196, 446 N.E.2d 779, citing *State v. Phillips* (1971), 27 Ohio St.2d 294, 56 O.O.2d 174, 272 N.E.2d 347. "Generally, when the degree of participation of the informant is such that the informant virtually becomes a state's witness, the balance swings in favor of requiring disclosure of the informant's identity. Conversely, where disclosure would not be helpful or beneficial to the accused, the identity of the informant need not be revealed." Id.

{¶ 24} The United States Supreme Court has refused to adopt a fixed rule regarding disclosure, noting:

{¶ 25} "The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro v. United States* (1957), 353 U.S. 53, 62, 77 S.Ct. 623, 1 L.Ed.2d 639; see, also, *State v. Wallace*, 8th Dist. No. 85541, 2005-Ohio-4397, 2005 WL 2039191, at ¶ 26.

{¶ 26} Deltoro relies on *Feltner*, 87 Ohio App.3d 279, 622 N.E.2d 15, for the proposition that a trial court may decide a motion for disclosure of an informant's identity based upon motions and memoranda of the parties. He further cites *Feltner* as support for the notion that appellant has waived raising the lack of a hearing, since it failed to request a hearing from the trial court.

{¶ 27} But this case involves unusual circumstances that distinguish it from *Feltner*. In *Feltner*, the defendant filed his motion to disclose on August 12, 1992. On August 31, the state filed a response. The trial court issued its decision ordering disclosure on September 4. Thus, in *Feltner*, the state,

although it did not have a hearing, did have an opportunity to and did in fact respond to the defendant's motion before the trial court ruled on it. Had the state wanted a hearing on the motion, it had ample time to request one.

{¶ 28} That situation is not the case here. Deltoro filed his renewed motion to disclose on February 7, 2005. The trial court issued its order to disclose on February 8, the very next day. Thus, appellant had no real opportunity to reply to Deltoro's motion or to even request a hearing.[2] The trial court did not provide appellant with even one full day in which to file a written response or request a hearing.

{¶ 29} Presumably the trial court acted so quickly because Deltoro filed his renewed motion to disclose less than one week before trial was set to begin. Deltoro filed his motion on a Tuesday. It appears the trial was set to begin the following Monday. Nevertheless, the trial court should have provided appellant with the chance to request a hearing or file a written response to the motion.

{¶ 30} The Ohio Supreme Court has stated, "The balance the court must strike between the defendant's right to compulsory process and the state's right to protect its informant's identity is so fine that a determination must come only after a thorough analysis of the facts of each case." *Brown*, 64 Ohio St.3d at 652, 597 N.E.2d 510. Given this delicate balance the court must strike between competing interests, it is only proper that both parties have an adequate opportunity to argue the facts of the case in support of their positions. The court must not act with haste when such a thorough analysis of the facts is required.

{¶ 31} Under this specific set of circumstances, we must conclude that the trial court abused its discretion in ruling on the motion to disclose without providing appellant with at least one day to file a written response to Deltoro's motion or a written request for a hearing. Accordingly, appellant's second assignment of error has merit.

{¶ 32} Appellant's first assignment of error states:

{¶ 33} "The identity of the confidential informant should not be revealed."

{¶ 34} Appellant argues that appellees' arguments in support of disclosing the informant fail to set forth any proper legal grounds for disclosure.

{¶ 35} Since we have already determined that the trial court abused its discretion in failing to provide appellant with an adequate opportunity to respond to Deltoro's motion, this issue is not yet ripe for review.

---

2. The parties did participate in a conference call with the court. However, this conference call was off the record, and, according to the court, it only informed the state that should the audiotapes become inaudible, the court would consider releasing the informant's identity.

{¶ 36} Appellant's third assignment of error states:

{¶ 37} "The proper remedy is for this court to vacate the trial court's order, deny defendant-appellees' motion, and remand the case for further proceedings."

{¶ 38} Here appellant does not assign error. It simply states its request for relief.

{¶ 39} For the reasons stated above, the trial court's judgment is hereby reversed and the cause is remanded so that the court can (1) provide appellant with an opportunity to file a written response to Deltoro's motion to compel, (2) provide appellant with the opportunity to request a hearing, and (3) hold a hearing if one is requested.

Judgment reversed
and cause remanded.

VUKOVICH and WAITE, JJ., concur.