[Cite as *State v. Rodriguez-Baron*, 2012-Ohio-5360.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| V. | ) | CASE NO. 12-MA-44 |
| | ) | |
| ARMANDO RODRIGUEZ-BARON, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Court of
Common Pleas of Mahoning County,
Ohio
Case No. 05CR490B

JUDGMENT:                               Affirmed

APPEARANCES:
• For Plaintiff-Appellee
For Plaintiff-Appellee
• Paul Gains
Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 W. Boardman St., 6th Floor
Youngstown, Ohio 44503
• • For Defendant-Appellant
• For Defendant-Appellant
For Defendant-Appellant
• Armando C. Rodriguez-Baron, Pro-se
Armando C. Rodriguez-Baron, Pro-se
#530-175
P.O. Box 8107
Mansfield, Ohio 44901• •
•

-

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
• • • • • • • • • Dated: November 16, 2012• •
• • • • • • • • Dated: November 16, 2012• •
• • • • • • • Dated: November 16, 2012• •
• • • • • • Dated: November 16, 2012• •
• • • • • Dated: November 16, 2012• •
• • • • Dated: November 16, 2012• •
• • • Dated: November 16, 2012• •
• • Dated: November 16, 2012• •
• Dated: November 16, 2012• •
Dated: November 16, 2012• •
•

DONOFRIO, J.

{¶1}    Defendant-appellant, Armando Rodriguez-Baron, appeals from a Mahoning County Common Pleas Court judgment denying his motion for leave to file a motion for new trial.

{¶2}    In appellant's direct appeal, we set out the facts as follows:

> On May 17, 2005, the Alcohol, Tobacco, and Firearms Task Force executed a search warrant at Daniel Morales's home in Youngstown. The task force broke down the door. In the house, they found Morales, his wife, and their three children. They also found appellant and co-defendant Frank Deltoro in a bedroom.

> Under the stairs in the basement, officers located a duffel bag with a 35-pound brick of marijuana. The bag had the name "Deltoro" on it. They also found a black trash bag containing 24 baggies each containing approximately one pound of marijuana. Officers also found a scale and more baggies nearby. Throughout the rest of the house, officers located more marijuana in smaller quantities hidden in various places.

> According to Morales's testimony, appellant, Deltoro, and two other men arrived at his house on May 13, 2005. In the trunk of their car, the men had clothes and two bricks of marijuana. The men unloaded the marijuana and took it to the basement of Morales's house. Appellant and Deltoro spent the night there. The next day all of the men, including appellant, went into Morales's basement and separated, weighed, and bagged one of the bricks of marijuana. They did not get around to separating the other brick of marijuana.

> On May 26, 2005, a Mahoning County grand jury indicted appellant, Deltoro, and Morales on one count of possession of marijuana, a second-degree felony in violation of R.C. 2925.11(A)(C)(3)(f), and one count of trafficking in marijuana, a

first-degree felony in violation of R.C. 2925.03(A)(2)(C)(3)(f).

Appellant and Deltoro filed a motion requesting that the trial court compel the state to provide them with the identity of its confidential informant (CI). This led to the first appeal in this case on the state's appeal of the trial court's order that it was required to disclose the CI's identity to appellant and Deltoro. See *State v. Deltoro*, 165 Ohio App.3d 750, 848 N.E.2d 558, 2006-Ohio-1280. The parties eventually entered into an agreement. In exchange for not having to reveal the CI's identity, the state agreed to drop the trafficking charge and prosecute appellant and Deltoro only on the possession charge. In a June 29, 2006 judgment entry, the court sustained the state's motion to dismiss the trafficking in marijuana charge.

* * *

The trial proceeded to a joint jury trial solely on the possession of marijuana count. Morales pleaded guilty to conspiring to traffic marijuana and testified against appellant and Deltoro. The jury found both appellant and Deltoro guilty. The trial court subsequently sentenced appellant to eight years in prison.

*State v. Rodriguez-Baron*, 7th Dist. No. 07-MA-86, 2008-Ohio-4816, ¶2-6, 8. This court affirmed appellant's conviction.

{¶3} On January 17, 2010, appellant filed a pro se motion for leave to file a motion for new trial. Appellant attached the affidavit of co-defendant Deltoro. In the affidavit, Deltoro claimed responsibility for the crimes and averred that appellant had no involvement. The trial court denied appellant's motion without a hearing.

{¶4} Appellant filed a timely notice of appeal on February 15, 2012.

{¶5} Appellant, still acting pro se, now raises a single assignment of error, which states:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR

IN DENYING APPELLANT'S MOTION FOR FINDING THAT HE WAS UNAVOIDABLY PREVENTED FROM DISCOVERING NEW EVIDENCE WITHIN 120 DAYS OF VERDICT WHEN A RECENT AFFIDAVIT WAS PREPARED BY APPELLANT'S CO-DEFENDANT JUST WEEKS PRIOR TO THE FILING OF THE INSTANT MOTION.

**{¶6}** Appellant argues that as soon as he received Deltoro's affidavit, he motioned the trial court for a hearing. At the minimum, appellant contends the trial court should have held a hearing on his motion. He claims that he was convicted based only on the testimony of his other co-defendant, Morales. Therefore, he claims that Deltoro's affidavit at least warranted a hearing.

**{¶7}** A trial court's decision to grant or deny a new trial on grounds of newly discovered evidence falls within the court's sound discretion. *State v. Hawkins*, 66 Ohio St.3d 339, 350, 612 N.E.2d 1227 (1993). Likewise, it is within the trial court's discretion to determine whether or not it is necessary to hold an evidentiary hearing on a new trial motion. *State v. Green*, 7th Dist. No. 05-MA-116, 2006-Ohio-3097, ¶11. Therefore, we will not reverse such a decision absent an abuse of discretion. Abuse of discretion connotes more than an error of law or judgment; it implies the trial court's judgment was arbitrary, unreasonable, or unconscionable. *State v. Adams*, 62 Ohio St. 151, 157, 56 N.E.2d 654 (1980).

**{¶8}** In this case, the trial court denied appellant leave to file a delayed motion for new trial. Thus, we must examine the timeliness of appellant's motion.

**{¶9}** Crim.R. 33(B) addresses timeliness when the basis of a new trial motion is newly discovered evidence:

> Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented

from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶10} Because appellant's motion was filed well outside the 120-day period, he was required to obtain leave of court to file his motion for new trial.

{¶11} Leave of court must be granted before the merits of the motion are reached. *State v. Lordi*, 149 Ohio App.3d 627, 2002-Ohio-5517, 778 N.E.2d 605, ¶25 (7th Dist.). The moving party must prove unavoidable delay by clear and convincing evidence in order to obtain leave. *Id.* at ¶26; Crim.R. 33(B). Unavoidable delay results when the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that ground within the required time in the exercise of reasonable diligence. *Id.* citing, *State v. Walden*, 19 Ohio App.3d 141, 146, 1483 N.E.2d 859 (1984). The requirement of clear and convincing evidence puts the burden on the defendant to prove he was unavoidably prevented from discovering the evidence in a timely manner. *State v. Fortson*, 8th Dist. No. 82545, 2003-Ohio-5387, ¶12.

{¶12} This is not the case of a newly discovered witness whom the defendant learned of after trial. In this case, appellant and Deltoro were co-defendants. They were together before and during the ATF raid on Morales's house, they were indicted together, and they stood trial together. And because appellant and Deltoro were together during the raid at Morales's house, appellant had access to all of the same information and observations about the drugs and the raid as Deltoro did. Therefore, it stands to reason that appellant was not unavoidably delayed in discovering any evidence that Deltoro knew. Thus, we cannot conclude that the trial court abused its discretion in denying appellant's motion for leave to file a motion for new trial.

{¶13} Accordingly, appellant's sole assignment of error is without merit.

{¶14} For the reasons stated above, the trial court's judgment is hereby

affirmed.

Vukovich, J., concurs.

Waite, P.J., concurs.