[Cite as *State v. Kelley*, 2014-Ohio-3673.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 13-CA-78 |
| MATTHEW K. KELLEY | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Criminal appeal from the Fairfield County
                                Court of Common Pleas, Case No.2013-
                                CR-0003


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         August 22, 2014


APPEARANCES:

For Plaintiff-Appellant          For Defendant-Appellee

GREGG MARX                       SCOTT WOOD
By: JOCELYN S. KELLY             Dagger, Johnston, Miller,
239 W. Main Street, Ste. 101     Ogilvie & Hampson
Lancaster, OH  43130             Lancaster, OH  43130

*Gwin, P.J.*

{¶1} Plaintiff-appellant State of Ohio appeals the November 14, 2013 Judgment Entry of the Fairfield County Court of Common Pleas granting defendant-appellee Matthew K. Kelly's motion to suppress evidence.

*Facts and Procedural History*

{¶2} A Statement of the Facts underlying the stop and search of the appellee is unnecessary to our disposition of this appeal. The state does not challenge the trial court's factual findings. Nor does the state argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, the state does assign as error that the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. See *State v. Fanning,* 1 Ohio St.3d 19, 437 N.E.2d 583(1982); *State v. Klein,* 73 Ohio App.3d 486, 597 N.E.2d 1141(4th Dist. 1991); *State v. Guysinger,* 86 Ohio App.3d 592, 621 N.E.2d 726(4th Dist. 1993); *State v. Boyd*, 5th Dist. Richland No. 95 CA 21, 1995 WL 76873(Nov. 20, 1995).

{¶3} Appellee was indicted by the Fairfield County Grand Jury for one count of possession of heroin, a felony of the third degree. On February 21, 2013, appellee filed a motion to suppress challenging the detention of appellee, the search of his person, and the admissibility of any statements appellee made to law enforcement. The motion hearing was held four months later on June 13, 2013, and the motion was overruled on July 10, 2013. The trial court noted in the Judgment Entry overruling the motion to suppress,

As an initial matter, the Court elects only to consider the three arguments set forth in Defendant's Motion to Suppress, filed February 21,

2013. The Court acknowledges that Defendant has raised an additional issue in his post-hearing brief, but agrees with the State's argument that the issue is not properly before the Court for consideration. As the State was not put on notice of Defendant's additional allegation, the Court finds it is not ripe for consideration or review.

Therefore, only the three suppression issues as set forth in Defendant's original Motion to Suppress will be considered.

**{¶4}** Five days after the trial court overruled his motion, appellee asked for leave to supplement the motion to suppress to include whether the arresting officer had exceeded the lawful bounds of a pat-down search - the issue that the trial court had declined to consider. On July 16, 2013, the trial court overruled appellee's motion for reconsideration. However, the trial court granted appellee leave to supplement his motion to suppress. There is no indication in the record that the state had received appellee's motion before the trial court ruled on it. The trial court did not set the matter for a hearing and did not receive a response from the state before it issued its ruling.

**{¶5}** On July 19, 2013, appellee filed his Supplement to his Motion to Suppress, which specifically raised the issue that Officer Kidwell had exceeded the lawful bounds of a pat-down search.

**{¶6}** On September 6, 2013, the state filed a memorandum in opposition to appellee's motion for reconsideration and motion to supplement the motion to suppress requesting the trial court deny both motions. In the Judgment Entry filed October 10, 2013 overruling the state's motion, the trial court found the appellee had asserted a

single new argument and the state would have the opportunity address this issue and present evidence at the oral hearing on the supplemented motion to suppress.

**{¶7}** On November 6, 2013, a second oral hearing was held. The arresting officer was again the only witness to testify and his testimony was similar to his prior testimony.

**{¶8}** On November 14, 2013, the trial court sustained appellee's supplement to his motion to suppress and suppressed the evidence obtained by the state from the pat-down search.

*Assignments of Error*

**{¶9}** The state raises two assignments of error,

**{¶10}** "I. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING APPELLEE'S MOTION THE DAY AFTER IT WAS FILED, WITHOUT PROVIDING THE STATE WITH AN OPPORTUNITY TO RESPOND. ENTRY GRANTING DEFENDANT LEAVE TO FILE SUPPLEMENTAL MOTION TO SUPPRESS, JULY 16, 2013.

**{¶11}** "II. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT APPELLEE HAD SHOWN GOOD CAUSE TO SUPPLEMENT HIS MOTION TO SUPPRESS. ENTRY GRANTING DEFENDANT LEAVE TO FILE SUPPLEMENTAL MOTION TO SUPPRESS, JULY 16, 2013."

*State's Right to Appeal*

**{¶12}** A court of appeals has jurisdiction to entertain the state's appeal from a trial court's decision to suppress evidence only where the state has complied with Crim.R. 12(K). *State v. Perez,* 1st Dist. Hamilton Nos. C-040363, C-040364, C-040365,

2005-Ohio-1326, ¶12, *citing State v. Buckingham*, 62 Ohio St.2d 14, 402 N.E.2d 536(1980), syllabus (interpreting former Crim.R. 12(J)).

{¶13} Crim.R. 12(K) states in pertinent part:

When the state takes an appeal as provided by law from an order suppressing or excluding evidence, the prosecuting attorney shall certify that both of the following apply:

(1) the appeal is not taken for the purpose of delay;

(2) the ruling on the motion or motions has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed.

The appeal from an order suppressing or excluding evidence shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the trial court within seven days after the date of the entry of the judgment or order granting the motion. * * *.

{¶14} Our review of the record reveals a certifying statement by the prosecutor as outlined in Crim.R. 12(K). We therefore have jurisdiction to proceed to the merits of this appeal.

I.

{¶15} In the first assignment of error, the state maintains it was unreasonable and arbitrary to rule on appellee's motion to supplement his motion to suppress without providing the state an opportunity to respond.

**{¶16}** Appellee's motion for leave to supplement his motion to suppress was filed July 15, 2013. The state filed its memorandum contra requesting the court overrule appellee's motion to supplement on September 6, 2013. The trial court considered the state's arguments and rejected them by Judgment Entry filed October 10, 2013.

**{¶17}** The state has failed to articulate how this result would have been different had the trial court delayed ruling upon the motion to supplement until the state had filed a response.

**{¶18}** The state's reliance on *State v. Palivoda,* 11th Dist. Ashtabula No. 2006-A-0019, 2006-Ohio-6494, ¶11-14 (motion to dismiss for failure to preserve evidence); *State v. Engle,* 166 Ohio App.3d 262, 2006-Ohio-1884, 850 N.E.2d 123, ¶9-10 (3rd Dist.) (motion to dismiss for violation of discovery order); *State v. Deltoro,* 165 Ohio App.3d 750, 2006-Ohio-1280, 848 N.E.2d 558, ¶30-31 (7th Dist.) (motion to compel disclosure of confidential informant); *State v. Etzler,* 3rd Dist. Van Wert No. 15-04-03, 2004- Ohio-4808, ¶9-10 (motion for new trial); *State v. Dalehuk,* 9th Dist. Summit No. C.A. 21422, 2003- Ohio-4268, ¶ 5 (motion to terminate administrative license suspension) is misplaced. In each of these cases, the trial court issued a dispositive ruling that effectively terminated the criminal proceedings against the defendants. In the case at bar, the state had the opportunity to respond to the motion. In addition, the state had time and opportunity to present evidence and further argument concerning the issue of the scope of the pat-down search of the appellee.

**{¶19}** Under the circumstances presented in the case at bar, we do not find the trial court's granting of the motion to supplement was unreasonable, arbitrary or unconscionable because the state has failed to demonstrate any cognizable prejudice.

Any error in the timing of the trial court's decision to permit appellee to supplement his motion to suppress was harmless beyond a reasonable doubt because the state did in fact respond and the trial court considered the state's response.

{¶20} The state's first assignment of error is overruled.

II.

{¶21} In the second assignment of error, the state argues the trial court abused its discretion in finding that appellee demonstrated good cause to supplement his motion to suppress.

{¶22} A motion to suppress is a pre-trial motion. Crim.R. 12(C)(3). Crim.R. 12(D) provides,

> All pretrial motions except as provided in Crim.R. 7(E) and 16(M) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions.

{¶23} Failure to move for the suppression of evidence on the basis that it was illegally obtained within Crim.R. 12(D)'s time limit constitutes a waiver of the error. *State v. Campbell,* 69 Ohio St.3d 38, 44, 630 N.E.2d 339 (1994); Crim.R. 12(H). However, "the court for good cause shown may grant relief from the waiver." Crim.R. 12(H).

{¶24} The trial court's decision whether to permit leave to file an untimely motion to suppress is within its sound discretion. *State v. Perry,* 3rd Dist. Marion 9-12-09, 2012-Ohio-4656, ¶13; *State v. Monnette*, 3rd Dist. Marion No. 9–08–33, 2009–Ohio–1653, ¶17, *citing Akron v. Milewski*, 21 Ohio App.3d 140, 142 (9th Dist. 1985). Appellate

review is, therefore, limited to whether the trial court abused its discretion in rendering its decision. Id.

> An abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.

*State v. Jenkins*, 15 Ohio St.3d 164, 222, 473 N.E.2d 264(1984), *quoting Spaulding v. Spaulding*, 355 Mich. 382, 384-385, 94 N.W.2d 810(1959).

**{¶25}** The trial court noted that appellee had originally attempted to address the scope of the pat-down search in his post-hearing brief on the original motion to suppress filed February 21, 2013. The trial court agreed with the state that the state was not put on notice of this additional issue and therefore the trial court declined to consider the issue.

**{¶26}** Courts have held that the trial court has discretion to decide whether to allow a defendant to add additional issues at a hearing on a previously filed motion to suppress. *State v. Wells*, 11 Ohio App.3d 217, 219–220, 464 N.E.2d 596(6th Dist. 1983). *Accord, State v. Rife,* 4th Dist. Ross No. 11CA3276, 2012-Ohio-3264, ¶33; *State v. Smith*, 9th Dist. Summit No. 21069, 2003-Ohio-1306, ¶13; *State v. Garrett,* 2nd Dist. Greene No. 2004 CA 110, 2005-Ohio-4832, ¶20.

{¶27} We see no fundamental unfairness in the procedure employed by the trial court in the case at bar. The trial court refused to initially consider the issue because the state did not have time to prepare or present evidence on the scope of the pat-down search of the appellee. The trial court thereafter allowed the state to present evidence and argument at the hearing on the second motion to suppress. The state did not argue in the trial court, nor does it contend in this Court that it was unprepared to address the issue in the second hearing. As we have previously noted, the state does not assign as error that the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress.

{¶28} Under the circumstances presented in the case at bar, we do not find the trial court's finding that appellee demonstrated good cause to supplement his motion to suppress was unreasonable, arbitrary or unconscionable.

{¶29} The state's second assignment of error is overruled.

{¶30} For the forgoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is affirmed.

By Gwin, P.J.,

Farmer, J., and

Baldwin, J., concur