[Cite as *State v. Brown*, 2022-Ohio-981.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Earle E. Wise, Jr., P.J.<br>Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| -vs- | Case Nos 2021CA00106 |
| AULETTI BROWN | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case No.  2017 CR 2362

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      March 24, 2022

APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

KYLE L. STONE                              AULETTI BROWN
PROECUTING ATTORNEY                PRO SE
LISA A. NEMES                             BELMONT CORR. INSTITUTION
ASSISTANT PROSECUTOR             68518 Bannock Road
110 Central Plaza South, Suite 510      St. Clairsville, Ohio  43950
Canton, Ohio  44702-1413

*Wise, John, J.*

**{¶1}**   Appellant Auletti Brown appeals the September 29, 2021, decision of the Stark County Court of Common Pleas denying his motion for leave to file a delayed motion for a new trial.

**STATEMENT OF THE FACTS AND CASE**

**{¶2}**   Y.W. and his fiancée M.L. lived on Ingram Avenue, SW, Canton, Stark County, Ohio, with her four children, including a three-year-old son that she had with Y.W.  M.L. is Brown's cousin.

**{¶3}**   On December 10, 2017, around seven o'clock in the evening, Y.W. and M. L. were at home with their children, drinking alcohol and smoking marijuana.  Y.W. left and walked to Maggiore's Drive-thru to purchase alcohol. At approximately the same time, Brown left his home on Maryland Avenue, SW to go to Maggiore's Drive-thru to purchase beer and cigarettes.  Brown testified that when he left home, he put his knife in his pants pocket because he always carried a knife with him when he left his house.

**{¶4}**   Brown and Y.W. got into a verbal and physical altercation outside the Maggiore's drive thru on Dueber and 9th Street in Canton, Ohio.  Y.W. pushed Brown to the ground and accused Brown of slashing his car tires.  Brown called 9-1-1, told the dispatcher never mind and hung up.  Both left the area and walked to their respective homes, which were within blocks of each other.  Surveillance cameras in the area captured portions of this altercation.

{¶5}  M. L. testified that Brown had been told to stay away from their home "because his drinking leads to violence."  1T. at 187[1].  M.L. testified when Y.W. returned from the drive thru he was angry.  Y.W. told her that he had pushed Brown down and that if Brown was not her cousin he would have really punched on him.  1T. at 194.  M.L. testified that she never heard a knock on the door that day, but heard Brown outside hollering and screaming, "Mother fucker."  1T. at 208; 3T. at 535.  M.L. testified that she saw Y.W. head for the door and she told him not to go, but Y.W. said, "I'm tired of him."  M.L. testified that Brown came up the steps with his hands in his pockets.  Y.W.  took a swing at Brown and missed.  She then saw Y.W. fall to the ground.  M.L. testified that when Y.W. walked back up the steps, he was bleeding like a faucet and said, "He stabbed me Bae" and fell.  1T. at 197.  Then she heard Brown say "Yeah, Nigga" and then Brown calmly walked away.

{¶6}  On his way home, Brown hid the knife in the bushes by his neighbor's house.  Officers responding to Brown's 9-1-1 call saw Brown and observed that he fit the physical description of Y.W.'s assailant.  The officers tried to talk with Brown, but Brown put his head down and ran.  The officers eventually cornered Brown and took him into custody.  The arresting officers took photos of Brown's neck and abdomen and did not observe any physical injuries to his neck.  When Brown was initially questioned by the police he claimed he did not know Y.W. but later admitted he went to the house to speak with "Yoshie" and that he stabbed Y.W. claiming it was in self-defense.  3T. at 627.  He

---

[1] For clarity sake, the transcript of the jury trial will be referred to by volume and page number as "T."

also told the detectives, "No one gets over on Auletti Brown." At trial Brown testified that he was being strangled when he stabbed Y.W.

**{¶7}** Dr. Renee Robinson, a forensic pathologist at the Stark County Coroner's Office, performed the autopsy on Y.W. Dr. Robinson testified that she observed defensive wounds on Y.W.'s forearms. She stated that it would have been difficult for a person to sustain the injuries unless they were in a defensive position. She testified that the puncture wound to Y.W.'s heart was the result of a sharp force to Y.W.'s arm and chest in a single action and consistent with the knife in evidence. 3T. at 471-476. She testified that the puncture to Y.W.'s heart resulted in excessive bleeding and that he lost approximately 2 liters of blood as the result. Dr. Robinson testified that Y.W. died because of a sharp force injury to the chest.

**{¶8}** At trial, Brown represented himself, called witnesses, and testified on his own behalf. Throughout the proceedings, Brown maintained that he acted in self-defense. After the presentation of evidence, Brown requested and was granted a jury instruction on self-defense.

**{¶9}** The jury found Brown guilty of murder and felonious assault. The trial court found Brown guilty of the Repeat Violent Offender Specification. The State agreed that the felonious assault conviction merged into the murder conviction and elected for sentencing on the murder charge.

**{¶10}** The trial court imposed a fifteen (15) years to life sentence on the murder conviction and a ten (10) year sentence on the repeat violent offender specification and ordered the sentences to run consecutively for an aggregate sentence of twenty-five (25) years to life in prison.

**{¶11}** Appellant appealed, challenging the trial court's denial of his motion to suppress and also arguing that his convictions were against the manifest weight of the evidence.

**{¶12}** By Opinion and Entry dated June 3, 2019, this Court overruled Appellant's two assignments of error and upheld Appellant's conviction. *See State v. Brown*, 5th Dist. Stark No. 2018CA00107, 2019-Ohio-2187.

**{¶13}** On October 17, 2019, Appellant filed a petition for postconviction relief, asserting a violation of the rule announced in *Brady v. Maryland,* 373 U.S. 83, 87 (1963).

**{¶14}** By Judgment Entry file December 23, 2019, the trial court denied the petition.

**{¶15}** In January 2020, Appellant attempted to file a delayed appeal of this Court's decision. The Supreme Court of Ohio denied Appellant's motion for leave to file a delayed appeal on March 12, 2020. *State v. Brown,* 158 Ohio St.3d 1421, 2020-Ohio-647, reconsideration denied, 158 Ohio St.3d 1508, 2020-Ohio-2819.

**{¶16}** In June 2020, Appellant filed a series of motions related to his request for a new trial.

**{¶17}** By Judgment Entry filed September 29, 2021, the trial court overruled Appellant's motion to strike the State's brief on the matter and denied Appellant's request for leave to file a delayed motion for a new trial.

**{¶18}** Appellant filed three separate notices of appeal of the September 29, 2021, judgment entry: Case No. 2021CA00106, filed October 12, 2021; Case No. 2021CA00115, filed October 19, 2021; and, Case No. 2021CA00123, filed November 4**,** 2021

{¶19} In Case No. 2021CA00123, this Court requested additional information from Appellant regarding the timeliness of the appeal due to the fact the November 4, 2021, notice purported to appeal the trial court's September 29, 2021, Judgment Entry. Appellant responded with a "judicial notice" filed December 8, 2021, requesting this Court strike Case Nos. 2021CA00115 and 2021CA00123, and proceed under his original notice of appeal in Case No. 2021CA00106.

{¶20} In his merit brief, Appellant raises a single assignment of error:

## ASSIGNMENT OF ERROR

{¶21} "I. TRIAL COURTS [SIC] ABUSE OF DISCRETION."

I.

{¶22} In his sole Assignment of Error, Appellant argues the trial court erred by overruling his motion for leave to file a delayed motion for a new trial. We disagree.

{¶23} Ohio Rule of Criminal Procedure 33 governs a motion for new trial, stating in pertinent part:

(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

...

(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the

defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

(B) Motion for New Trial; Form, Time.

...

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

(B) Affidavits required. The causes enumerated in subsection (A)(2) and (3) must be sustained by affidavit showing their truth, and may be controverted by affidavit.

{¶24} "Motions for new trial pursuant to Crim.R. 33(B) is addressed to the sound discretion of the trial court." *State v. Schiebel*, 55 Ohio St.3d 71, 76, 564 N.E.2d 54, 62 (1990). The decision of whether to hold an evidentiary hearing on a motion for leave to file a motion for new trial is also within the discretion of the trial court. *State v. Thornton*, 5th Dist. Muskingum No. CT2016-0041, 2017-Ohio-637, ¶39. The abuse of discretion standard is more than an error of judgment; it implies the court ruled arbitrarily,

unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, 1142 (1983).

**{¶25}** The verdict in Appellant's case was rendered on June 22, 2018, but his first motion for leave to file delayed motion for a new trial was not filed until November 9, 2020[2]. "Because Appellant's motion was filed well outside the 120-day period, he was required to obtain leave of court to file his motion for new trial." *State v. Waddy*, 10th Dist. No. 15AP-397, 2016-Ohio-4911, 68 N.E.3d 381, ¶17. To obtain such leave, the defendant must demonstrate by clear and convincing proof that he or she was unavoidably prevented from discerning the evidence within the 120 days. *Id.* A party is "unavoidably prevented" from filing a motion for a new trial if they had no knowledge of the ground supporting the motion and could not have learned of the existence of that ground within the time prescribed for filing the motion in the exercise of reasonable diligence." *Id.* quoting *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859, 865 (10th Dist. 1984).

**{¶26}** Appellant's proof must be more than conclusory allegations. "Clear and convincing proof that the defendant was 'unavoidably prevented' from filing 'requires more than a mere allegation that a defendant has been unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial.' " *State v. Lee*, 10th Dist. Franklin No. 05AP-229, 2005-Ohio-6374, ¶9. The requirement of clear and convincing evidence puts the burden on the defendant to prove he was unavoidably prevented from discovering the evidence in a timely manner. *State v. Rodriguez-Baron*, 7th Dist.

---

[2] On December 8, 2020, Appellant filed a second Motion for Leave to File a Delayed Motion for New Trial, asking the trial court to accept the December 8, 2020, motion in place of the November 9, 2020, motion.

Mahoning No. 12-MA-44, 2012-Ohio-5360, ¶11. Clear and convincing proof is that "which will produce in the mind of the trier of facts a firm belief of conviction as to the facts sought to be established." *Schiebel, supra* at 74.

**{¶27}** The "unavoidably prevented" requirement in Crim.R. 33 mirrors the "unavoidably prevented" requirement in R.C. §2953.23. *Thornton* at ¶47. "The phrase 'unavoidably prevented' means that a defendant was both unaware of the facts and was unable to learn of them through reasonable diligence." *Id.*

**{¶28}** Thus, the central inquiry in Appellant's motion for leave to file a motion for a new trial is whether he was unaware of the facts disclosed by the evidence and whether he was unavoidably prevented from obtaining that information through reasonable diligence.

**{¶29}** Here, Appellant argues that forensic analysis of the video of his police interview reveals that it was "not in fact true, complete and correct." (Motion for Leave at 2). Appellant appears to claim that multiple versions of the recordings and transcripts exist.

**{¶30}** Upon review, we find that Appellant has failed to support his motion with any affidavits of documentary evidence. We further find that Appellant did not discover any "new evidence". The recordings and transcripts of the recordings existed at the time of the trial. Appellant even asserted these claims during his trial. The trial court stated that the video, audio, and transcription of Appellant's interview were made available to Appellant prior to his June 18, 2018, trial and that Appellant had heard and seen the video as early as April 19, 2018, at the suppression hearing.

**{¶31}** As such, Appellant was not unavoidably prevented from discovering whatever evidence he is claiming supports his arguments as it relates to the analysis of the video. Therefore, the trial court did not abuse its discretion in denying Appellant's motion without conducting an evidentiary hearing.

**{¶32}** Appellant's sole Assignment of Error is overruled.

**{¶33}** The judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

By: Wise, John, J.

Wise, Earle, P. J., and

Hoffman, J., concur.

JWW/0316