[Cite as *State v. Covender*, 2012-Ohio-6105.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

STATE OF OHIO

    Appellee

v.

JOEL COVENDER

    Appellant

C.A. No.    11CA010093

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    94CR045253

DECISION AND JOURNAL ENTRY

Dated: December 26, 2012

DICKINSON, Judge.

## INTRODUCTION

{¶1}    Joel Covender has appealed the trial court's denial of his third motion for leave to file a delayed motion for new trial based on newly discovered evidence. The trial court denied him leave because it determined that he had not proven that he was "unavoidably prevented" from the discovery of the evidence upon which he must rely as required by Rule 33(B) of the Ohio Rules of Criminal Procedure. This Court reverses because, under the circumstances, it is unreasonable to hold that, because Mr. Covender knew of the existence of his accuser's therapy records before trial, reasonable diligence required him to discover the potentially exculpatory content of those records within 120 days after the day on which the verdict against him was rendered.

BACKGROUND

{¶2}    In 1996, the State tried Mr. Covender on charges of gross sexual imposition and felonious sexual penetration involving his six-year-old stepdaughter, A.S., and her younger brother, J.S. Mr. Covender denied the allegations and presented evidence tending to show that the children's paternal grandparents had concocted the story to get custody of the children from their mother and that A.S. had told her mother that the allegations were not true. The jury convicted Mr. Covender on all charges. This Court affirmed the convictions on appeal. *State v. Covender*, 9th Dist. No. 96CA006457, 1997 WL 802947 (Dec. 24, 1997), appeal not accepted, 87 Ohio St. 3d 1490 (2000). Mr. Covender was released on parole in 2007 after serving more than ten years in prison.

{¶3}    Within a month of his release, Mr. Covender moved for leave to move for a new trial under Rule 33(A)(6) of the Ohio Rules of Criminal Procedure based on the fact that both of his stepchildren had come forward as adults to testify that the alleged abuse had never happened. Following a hearing, the trial court granted Mr. Covender a new trial on all counts. The State appealed the trial court's decision granting a new trial on the counts related to Mr. Covender's stepdaughter, but did not appeal the decision on the counts related to his stepson. In a split decision, this Court reversed the trial court's decision to grant a new trial on the counts related to the stepdaughter because it determined that her new testimony did not "recant" her trial testimony and was not based on personal knowledge because she said she did not remember much of her childhood. *State v. Covender*, 9th Dist. No. 07CA009228, 2008-Ohio-1453, ¶ 16 ("*Covender II*").

{¶4}    After this Court reversed the trial court's decision granting Mr. Covender's first motion for a new trial, David S., A.S.'s biological father, came forward to testify by affidavit that

he had seen and heard his mother, along with A.S.'s mother's stepmother, coaching A.S. regarding her proposed testimony at the 1996 trial. In June 2008, in reliance on David S.'s affidavit, Mr. Covender moved for leave to file a second motion for a new trial based on newly discovered evidence. The trial court granted the second motion for leave to move for a new trial, but denied the motion for a new trial because it determined that David S.'s testimony alone would not have materially affected the outcome of the 1996 trial and it believed that this Court's decision in *Covender II* prevented it from considering the evidence Mr. Covender had presented in support of his first motion for a new trial.

{¶5} Mr. Covender appealed that decision, and, in another split decision, this Court affirmed. *State v. Covender*, 9th Dist. No. 09CA009637, 2010-Ohio-2808 ("*Covender III*"). In doing so, this Court held that its prior conclusions that A.S.'s affidavit was not based on personal knowledge and that "there was 'no evidence properly before the trial court' in support of the first motion [for a new trial] that would have given the trial court the reasonable belief that A.S.'s trial testimony was false" were law of the case. *Id.* at ¶ 10 (quoting *State v. Covender*, 9th Dist. No. 07CA009228, 2008-Ohio-1453, ¶ 16). This Court also held that it could not review whether the trial court properly denied the second motion for a new trial because Mr. Covender had not included a copy of the trial transcript with the record on appeal. *Id.* at ¶ 17.

{¶6} Mr. Covender is now before this Court following denial of his third motion for leave to move for a new trial based on newly discovered evidence. On July 27, 2011, Mr. Covender moved for leave to file his third motion for new trial based on potentially exculpatory evidence found in A.S.'s counseling records. The records revealed that, between the time that the allegations first surfaced and when Mr. Covender went to trial in April 1996, A.S.'s therapist had indicated that A.S. had a problem telling the truth. Mr. Covender argued that he had been

unavoidably prevented from discovering that information within the permissible 120-day window following the verdict. Crim. R. 33(B).

{¶7} The trial court held a hearing on the timeliness of the discovery for the purpose of ruling on the motion for leave. Mr. Covender testified that he served nearly 11 years in prison before he learned at his first parole hearing that both of his stepchildren had petitioned the Parole Board for his release, saying that the allegations they had made as children were not true. According to Mr. Covender, within a week of his release in February 2007, he contacted his lawyer about moving for a new trial based on the new testimony of both his accusers. He filed his first motion for leave to move for new trial on April 11, 2007. That effort ended in March 2008 when this Court reversed the trial court's ruling ordering a new trial on the counts regarding A.S. Mr. Covender filed his second motion for leave to move for a new trial just three months later, on June 27, 2008. He based his second motion on the affidavit of A.S.'s natural father, who testified that he did not come forward to testify about the grandmothers coaching the children until after this Court had reversed the order granting the new trial. Mr. Covender's second attempt at a new trial ended in June 2010 when this Court affirmed the trial court's denial of his second motion for a new trial.

{¶8} One year later, in July 2011, Mr. Covender filed his current motion for leave to move for a new trial. The trial court held a hearing on that motion at which Mr. Covender testified that he had been unable to continue his efforts to exonerate himself between December 2009 and the spring of 2011 because of medical problems. He testified that, in December 2009, he had gallbladder surgery that went terribly wrong. He was flown to the Cleveland Clinic and spent 30 to 40 days in a coma, then spent five weeks in a subacute center with a hole in his stomach. He explained that he dealt with an open wound and home nursing care until October

2010, when he underwent reconstructive surgery and spent another three weeks in the hospital fighting off an infection. He said that he did not start getting better until around February or March of 2011. He explained that he had not been able to work on his case while he was dealing with his serious medical problems.

{¶9} Mr. Covender also testified that, by April 2011, he had begun searching for A.S.'s therapy records. The agency that had treated her no longer existed, so Mr. Covender contacted the local mental health board to find the records. Once he located them, he was not permitted to review them without A.S.'s permission. He testified that he contacted A.S. and again sought her help. A.S. testified that she happily complied, even traveling to the Nord Center twice in late May 2011 to retrieve a copy, which she then reviewed and sent to Mr. Covender. Within two months of A.S. obtaining a copy of the records, Mr. Covender filed his current motion for leave to move for a new trial.

{¶10} In 1995, before he went to trial, Mr. Covender had requested an in camera inspection of A.S.'s therapy records. The trial court conducted the inspection, but refused to disclose the records, ruling that there was nothing exculpatory in them. The trial court denied Mr. Covender's current motion for leave to move for a new trial because it determined that Mr. Covender was not unavoidably prevented from discovering the contents of A.S.'s counseling records because, "[a]lthough the contents of the records [were] unknown . . . the records were known to exist before the time of the trial in 1996." Mr. Covender has now appealed that decision. This Court reverses the decision of the trial court because, under the circumstances, it is unreasonable to conclude that reasonable diligence required Mr. Covender to revisit the therapy records in the absence of any information that would have led him to believe the records might be helpful.

## RES JUDICIATA

{¶11} The State has argued that this Court should not consider Mr. Covender's assignment of error because it is barred by res judicata. This Court is not barred from considering the assignment of error because posttrial motions permitted by the Ohio Rules of Criminal Procedure "provide a safety net for defendants who have reasonable grounds to challenge their convictions and sentences." *State v. Davis*, 131 Ohio St. 3d 1, 2011-Ohio-5028, ¶ 37. Trial courts retain jurisdiction to decide motions for new trial based on newly discovered evidence "when the specific issue has not been decided upon direct appeal." *Id.* In this case, the contents of A.S.'s therapy records were not in the trial court record and were not considered during the direct appeal. Therefore, this Court may review Mr. Covender's assignment of error related to the content of the therapy records. *See id.*

## LEAVE TO MOVE FOR A NEW TRIAL

{¶12} Mr. Covender's assignment of error is that the trial court incorrectly denied his motion for leave to move for a new trial. Under Rule 33(A)(6) of the Ohio Rules of Criminal Procedure, "[a] new trial may be granted on motion of the defendant . . . [w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." A motion for new trial based on newly discovered evidence must be filed within 120 days after the day the verdict was rendered, unless the defendant shows "by clear and convincing proof that [he] was unavoidably prevented from the discovery of the evidence upon which he must rely [within the 120–day period]." Crim. R. 33(B). "[Although Criminal Rule] 33(B) does not provide a specific time limit [within] which defendants must file a motion for leave to file a delayed motion for new trial [after the discovery of the basis for the motion], many courts have required defendants to file such a motion within a

reasonable time after discovering the evidence." *State v. Anderson*, 10th Dist. No. 12AP-133, 2012-Ohio-4733, ¶ 17 (quoting *State v. Wilson*, 7th Dist. No. 11 MA 92, 2012-Ohio-1505, ¶ 57).

{¶13} Mr. Covender's third motion for leave to move for a new trial, filed 15 years after his convictions, did not meet the 120-day deadline for the submission of newly discovered evidence. Crim. R. 33(B). Therefore, before filing his motion for a new trial, he was required to show, by clear and convincing evidence, that he was unavoidably prevented from discovering the evidence within 120 days after the verdict. *Id.*; *State v. Holmes,* 9th Dist. No. 05CA008711, 2006–Ohio–1310, at ¶ 10-11. "Although a defendant may file his motion for a new trial along with his request for leave to file such motion, 'the trial court may not consider the merits of the motion for a new trial until it makes a finding of unavoidable delay[.]'" *State v. Brown*, 8th Dist. No. 95253, 2011-Ohio-1080, ¶ 14 (quoting *State v. Stevens*, 2d Dist. Nos. 23236, 23315, 2010-Ohio-556, ¶ 11).

{¶14} "Unavoidable delay results when the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that ground within the required time in the exercise of reasonable diligence." *State v. Rodriguez-Baron*, 7th Dist. No. 12-MA-44, 2012-Ohio-5360, ¶ 11. "Clear and convincing proof requires more than a mere allegation that a defendant has been unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial." *State v. Covender*, 9th Dist. No. 07CA009228, 2008–Ohio–1453, ¶ 6 (quoting *State v. Mathis*, 134 Ohio App. 3d 77, 79 (1st Dist. 1999), overruled on other grounds, *State v. Condon*, 157 Ohio App. 3d 26, 2004–Ohio–2031 (1st Dist.)). "[C]riminal defendants and their trial counsel have a duty to make a 'serious effort' of their own to discover potential favorable evidence." *State v. Anderson*, 10th Dist. No. 12AP-133, 2012-Ohio-4733, ¶ 14 (quoting *State v. Golden*, 10th Dist. No. 09AP-1004, 2010-Ohio-

4438, ¶ 15) (holding that defendant was not unavoidably prevented from discovering statement made to police by a witness, despite the fact that the state had not disclosed it, because the defendant was well acquainted with the witness). "The requirement of clear and convincing evidence puts the burden on the defendant to prove he was unavoidably prevented from discovering the evidence in a timely manner." *State v. Rodriguez-Baron*, 7th Dist. No. 12-MA-44, 2012-Ohio-5360, ¶ 11.

{¶15} The only issue before this Court is whether the trial court correctly denied Mr. Covender's third request for leave to move for a new trial. The State's argument and the trial court's ruling are based on the idea that, because Mr. Covender has known since before his trial that A.S.'s counseling records existed and eventually obtained them with her help, he cannot prove that he was unavoidably prevented from discovering their contents before trial or within 120 days after the verdict. Under the circumstances of this case, it is unfair to equate knowledge that A.S.'s counseling records existed with knowledge of "the evidence upon which [Mr. Covender] must rely" for his third motion for leave to move for a new trial. Crim. R. 33(B).

{¶16} The State's argument in this case is similar to that presented in *State v. Anderson*, 10th Dist. No. 12AP-133, 2012-Ohio-4733. In that case, involving charges of money laundering, theft, and forgery, it was not until after trial that Mr. Anderson "remembered" the real estate transaction and began searching for evidence related to it. *Id.* at ¶ 14. The Tenth District held that Mr. Anderson was not unavoidably prevented from discovering the favorable evidence "simply because the defense did not undertake efforts to obtain the evidence sooner." *Id.* Similarly, the State's argument in this case is that Mr. Covender eventually procured the medical records through a process he could have used earlier to discover the information that forms the basis of his current motion for a new trial. The State has argued that, because Mr. Covender

knew of the existence of the therapy records, he should have acted sooner. This case is not similar to *Anderson*, however, because Mr. Covender did all he could reasonably have been expected to do to obtain the records before he went to trial and never had any basis to believe that the records contained favorable evidence.

{¶17} Mr. Covender knew as early as 1995 that the records existed. The docket corroborates his testimony that he tried to obtain the records before trial in order to search for exculpatory information. After conducting an in camera inspection, the trial court refused to disclose A.S.'s confidential therapy records to Mr. Covender, ruling that they contained "no evidence favorable to [Mr. Covender] other than the statements provided by [his] wife and the expert report provided by [Mr. Covender]." Mr. Covender could not have appealed that ruling until after he was convicted. Even then, under the circumstances of this case, he had no reasonable basis for a good faith belief that the trial court's ruling was incorrect. Mr. Covender did not have any knowledge about anything favorable to him that should have appeared in A.S.'s counseling records. Furthermore, although his wife supported his innocence, she could not have obtained her daughter's therapy records because A.S. had been removed from her care in January 1994, more than two years before Mr. Covender went to trial. As Mr. Covender did what was permissible to investigate the therapy records before trial, it is unreasonable to hold that he failed, before trial, to make a "serious effort" to discover potentially favorable evidence that might be contained in those records. *State v. Anderson*, 10th Dist. No. 12AP-133, 2012-Ohio-4733, ¶ 14 (quoting *State v. Golden*, 10th Dist. No. 09AP-1004, 2010-Ohio-4438, ¶ 15).

{¶18} After the verdict, Mr. Covender had 120 days to timely discover the evidence supporting his motion for a new trial. Crim. R. 33(B). During that entire period, and for approximately ten years thereafter, Mr. Covender was serving a prison sentence for these

convictions. For obvious reasons, while he was incarcerated and A.S. remained a minor, he was not in contact with A.S. or the grandparents who raised her after she was removed from her mother's care. Mr. Covender testified that he did not learn that A.S. had retracted her allegations until his first parole hearing in early 2007. Mr. Covender presented clear and convincing evidence that he was unavoidably prevented from discovering the contents of A.S.'s therapy records before trial or within 120 days after the verdict. *See* Crim. R. 33(B).

{¶19} "[Criminal Rule] 33 does not otherwise limit the time for filing a motion for a new trial based on newly discovered evidence." *State v. Davis*, 131 Ohio St. 3d 1, 2011-Ohio-5028, ¶ 27. The State has not cited any authority for its implicit argument that, after the 120-day window has closed, a subsequent discovery of new evidence requires the defendant to prove that he was unavoidably prevented from discovering the evidence any earlier than he did. Focusing on the time after Mr. Covender was released from prison, the State has essentially argued that, in the exercise of reasonable diligence, Mr. Covender should have asked A.S. to help him obtain her childhood therapy records in 2007 when he first spoke with her about signing an affidavit to help him get a new trial. Thus, the State points to a four-year delay in obtaining the new evidence.

{¶20} Mr. Covender cannot have been expected, in the exercise of "reasonable diligence," to re-investigate A.S.'s childhood therapy records when he was first released from prison or at any later time. Crim. R. 33(A)(6); *State v. Rodriguez-Baron*, 7th Dist. No. 12-MA-44, 2012-Ohio-5360, ¶ 11. The trial court had reviewed her records in 1996 and determined that there was nothing in them that would be helpful to him. Nothing had changed since that time that should have caused a reasonable person to think the trial court might have incorrectly ruled that there was nothing exculpatory in the therapy records. There is no evidence in this case that

A.S. or anyone else ever told Mr. Covender that there might be something exculpatory in her therapy records. As far as Mr. Covender knew, that issue had been settled in 1996. Even in early 2011, when he started trying to locate the records, he had no good faith basis for believing they would contain exculpatory information. He testified that he overcame many obstacles to locate and obtain the records and quickly moved for leave to file his current motion for a new trial.

{¶21} The evidence supports Mr. Covender's argument that he has worked diligently to uncover additional exculpatory evidence since 2007, when he learned that his accusers had retracted the allegations and he was released from prison. Thus, under these circumstances, even if a reasonable-time standard were applied to the period after the 120-day window had closed, it is unreasonable to rule that, because Mr. Covender knew that the records existed, he was not unavoidably prevented from discovering their contents earlier. He was unavoidably prevented from discovering the potentially exculpatory information earlier because, when he investigated the records before trial, the trial court ruled that they would not be disclosed because they contained nothing exculpatory. If Mr. Covender had known of the records before trial, but made no effort to investigate their contents, this Court would agree with the trial court's ruling. The reason the ruling is unreasonable is because Mr. Covender did everything that could reasonably be expected of him to investigate the contents of the records before his trial began. Further, there was never a time when Mr. Covender learned anything that should have given him a reason to re-investigate those records in spite of the trial court's ruling. Therefore, in the exercise of due diligence, he did not need to re-investigate those records. The fact that he did work so hard to re-investigate a former dead-end appears to be evidence of his desperation.

**{¶22}** "Unavoidable delay results when the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that ground within the required time in the exercise of reasonable diligence." *State v. Rodriguez-Baron*, 7th Dist. No. 12-MA-44, 2012-Ohio-5360, ¶ 11. Mr. Covender had no knowledge of the potentially exculpatory information to be found in A.S.'s therapy records and he could not have learned of that ground within the required time through the exercise of reasonable diligence. As it would be unreasonable to hold that reasonable diligence required Mr. Covender to re-investigate A.S.'s therapy records, the trial court's decision must be reversed.

CONCLUSION

**{¶23}** Mr. Covender's assignment of error is sustained because he proved by clear and convincing evidence that he was unavoidably prevented from discovering the grounds upon which he based his new trial motion. Under the circumstances, it would be unreasonable to hold that, in the exercise of reasonable diligence, Mr. Covender should have discovered that A.S.'s therapy records contain potentially exculpatory evidence. The judgment of the Lorain County Common Pleas Court is reversed, and this matter is remanded for it to consider his motion for a new trial.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
CLAIR E. DICKINSON
FOR THE COURT

MOORE, P. J.
CONCURS.

BELFANCE, J.
CONCURRING IN JUDGMENT ONLY.

{¶24} I concur in the majority's judgment. The issue before this Court is whether the trial court erred in failing to grant Mr. Covender leave to file his motion for a new trial. Thus, the question before the trial court was whether Mr. Covender established "by clear and convincing proof that [he] was unavoidably prevented from the discovery of the evidence upon which he must rely [within the 120–day period]." Crim.R. 33(B). I would conclude he met the standard.

{¶25} Prior to A.S.'s 18th birthday in 2005, A.S.'s legal guardian, Nancy Kullman, would have been responsible for authorizing the release of A.S.'s records. At the hearing on Mr. Covender's motion, the trial court took judicial notice that "it would not have been reasonable to expect Nancy Kullman [to] have cooperated in any way [with the release of the records]."

Further, prior to the 1996 trial, the trial court concluded that there was nothing exculpatory in the records. Thus, Mr. Covender had no reason to even imagine that the records contained evidence that would aid him. Moreover, since Mr. Covender became aware of A.S.'s recantation, Mr. Covender has exercised diligence in investigating all possible avenues that would support his claim that he is innocent. In light of the above, I agree that Mr. Covender was unavoidably prevented from the discovery of the evidence within the 120–day period set forth in Crim.R. 33(B). I concur that the trial court erred in failing to grant Mr. Covender leave to file his motion for a new trial.

APPEARANCES:

W. SCOTT RAMSEY, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.