[Cite as *State v. Leyman*, 2016-Ohio-59.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 14CA0037-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DONALD F. LEYMAN | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 98CR0180 |

DECISION AND JOURNAL ENTRY

Dated: January 11, 2016

MOORE, Judge.

{¶1} Appellant, Donald F. Leyman, appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} This Court set forth the procedural history of this case in a prior appeal as follows:

On September 16, 1998, [Mr. Leyman] was indicted by the Medina County Grand Jury for two counts of rape and two counts of gross sexual imposition. The indictment alleged that [Mr. Leyman] engaged in sexual conduct with his two minor stepchildren, * * *, both of whom were under the age of thirteen at the time of the incidents. The indictment further alleged that the incidents occurred during the fall of 1993 through 1995 and took place in Medina. [Mr. Leyman] pleaded not guilty and the matter proceeded to trial.

* * *

On February 19, 1999, the jury returned the following verdict: guilty as to one count of the rape involving [Mr. Leyman's stepson], not guilty as to the other count of the rape involving [Mr. Leyman's stepdaughter], and guilty as to both counts of gross sexual imposition. The trial court sentenced [Mr. Leyman] accordingly. [Mr. Leyman] timely appealed, asserting five assignments of error.

*State v. Leyman*, 9th Dist. Medina No. 2970-M, 2000 WL 1471062, *1-*2 (Oct. 4, 2000). This Court affirmed Mr. Leyman's convictions. *Id.* at *6.

{¶3}    On October 29, 2013, Mr. Leyman filed a combined petition for post-conviction relief and motion for leave to file a motion for new trial instanter. In early 2014, Mr. Leyman filed a motion for grand jury transcripts. Thereafter, the State filed a motion to dismiss the petition and a response in opposition to the motion for leave. Subsequently, Mr. Leyman filed a motion for summary judgment on his petition. In a journal entry dated May 13, 2014, the trial court dismissed Mr. Leyman's petition for post-conviction relief and denied his motion for leave to file a motion for a new trial. Mr. Leyman timely appealed from the May 13, 2014 journal entry, and he now presents four assignments of error for our review. We have re-ordered and consolidated certain assignments of error to facilitate our discussion.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY GRANTING THE STATE'S MOTION TO DISMISS [MR. LEYMAN'S] PETITION FOR POST-CONVICTION RELIEF.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY DISMISSING [MR. LEYMAN'S] MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL INSTANTER.

{¶4}    In his first assignment of error, Mr. Leyman argues that the trial court erred by denying his motion for post-conviction relief. In his third assignment of error, Mr. Leyman argues that the trial court erred in dismissing his motion for leave to file a motion for new trial instanter. We disagree. Because both assignments of error rely on a premise that Mr. Leyman was unavoidably prevented from discovery of certain facts and evidence, we will separately review the law applicable to petitions for post-conviction relief and motions for leave to file a

motion for new trial instanter, and then jointly address Mr. Leyman's arguments presented in his first and third assignments of error pertaining to his claims of unavoidable delay.

Petition for Post-Conviction Relief

{¶5}    With respect to petitions for post-conviction relief, R.C. 2953.21(A)(1)(a) provides that "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." R.C. 2953.21 establishes procedures for filing a petition for post-conviction relief.  Former R.C. 2953.21(A)(2) provided, in part:

> [A] petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court.  If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.

An exception to the time limit exists if it can be shown both that (1) "the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief or * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right[;]"[1] and (2) there is clear and convincing evidence that, but for the

---

[1] Mr. Leyman has not argued that there exists a new federal or state right that applies retroactively to him, and we will confine our review accordingly.

constitutional error at trial, no reasonable trier of fact would have found the petitioner guilty of the offense. R.C. 2953.23(A)(1)(a) and (b).

{¶6} A defendant's failure to either timely file a petition for post-conviction relief or to meet his burden under R.C. 2953.23(A)(1) deprives a trial court of jurisdiction to entertain the petition. *State v. Kolvek*, 9th Dist. Summit Nos. 22966, 22967, 2006-Ohio-3113, ¶6-7.[2]

Motion for Leave to File Motion for New Trial

{¶7} A trial court's decision to grant or deny a motion for leave to file a delayed motion for a new trial will not be reversed on appeal absent an abuse of discretion. *State v. Holmes*, 9th Dist. Lorain No. 05CA008711, 2006-Ohio-1310, ¶ 8, citing *State v. Schiebel*, 55 Ohio St.3d 71 (1990), paragraph one of the syllabus. An abuse of discretion implies that the court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} Pursuant to Crim.R. 33(A)(6), a new trial may be granted on the motion of the defendant "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Further, Crim.R. 33(B) states, in relevant part, that if the basis of the motion is newly discovered evidence, it "shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the [trial] court finding that he was unavoidably prevented from discovering the evidence within

---

[2] The parties dispute the standard of review applicable to the trial court's dismissal of a petition for post-conviction relief. We need not address this issue, as our decision would be the same under either standard advanced by the parties.

the one hundred twenty day period." "Unavoidable delay results when the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that ground within the required time in the exercise of reasonable diligence." *State v. Covender,* 9th Dist. Lorain No. 11CA010093, 2012-Ohio-6105, ¶ 14, quoting *State v. Rodriguez-Baron*, 7th Dist. Mahoning No. 12-MA-44, 2012-Ohio-5360, ¶ 11.

{¶9} "Crim.R. 33(B) does not provide a specific time limit for the filing of a motion for leave to file a delayed motion for new trial. However, Ohio courts have adopted a reasonableness standard." *State v. Cleveland*, 9th Dist. Lorain No. 08CA009406, 2009-Ohio-397, ¶ 49, citing *State v. Griffith*, 11th Dist. Trumbull No. 2005-T-0038, 2006-Ohio-2935, ¶ 15. "A trial court may require a defendant to file his motion for leave to file [a motion for new trial] within a reasonable time after he discovers the evidence." *Cleveland* at ¶ 49, quoting *Griffith* at ¶ 15, quoting *State v. Newell*, 8th Dist. Cuyahoga No. 84525, 2004-Ohio-6917, ¶ 16.

Unavoidable Delay

{¶10} Here, Mr. Leyman filed his present petition and motion well in excess of the 180-day and 120-day deadlines respectively applicable to petitions for post-conviction relief and motions for new trial. However, he relied upon the above listed exceptions to the time limitations, arguing that he was unavoidably prevented from discovery of the facts which formed the basis of his petition and evidence which would form the basis of his motion for new trial. These facts were contained in audio recordings and other documents that Mr. Leyman ultimately received in February of 2013, as a result of his public records request. These facts also were contained in statements made by his stepson and ex-wife to Mr. Leyman's private investigator in March of 2013. Mr. Leyman maintained that he was "unavoidably prevented" from discovering

these items because he had no reason to believe that the State would have failed to disclose, prior to trial, the items that he received in response to his records request in 2013. In addition, the statements of his stepson and ex-wife were not made until 2013, and thus he maintained these statements were unavailable until that time.

{¶11} In support of his argument that he was unavoidably delayed in discovering the facts that he ultimately obtained through his public records request, Mr. Leyman relies heavily on *Covender* for the proposition that "[a] defendant is deemed to be unavoidably prevented from discovering evidence that he did not have reason to believe existed, even in documents or places that he himself could have researched." We conclude this is an overstatement of our holding in *Covender*, and that *Covender* is distinguishable on its facts. In *Covender*, we recognized that "[u]navoidable delay results when the party had no knowledge of the existence of the ground supporting the motion for a new trial *and could not have learned of the existence of that ground within the required time in the exercise of reasonable diligence.*" (Emphasis added.) *Id.* at ¶ 14, quoting *Rodriguez-Baron*, 2012-Ohio-6105, at ¶ 11. There, this Court held that "under the circumstances, it [wa]s unreasonable [for the trial court] to hold that, because Mr. Covender knew of the existence of his accuser's therapy records before trial, reasonable diligence required him to discover the potentially exculpatory content of those records within 120 days after the day on which the verdict against him was rendered." *Covender* at ¶ 1. In making our determination, this Court reviewed the particular circumstances of that case. This Court determined that several factors were significant to whether Mr. Covender could have learned of the existence of potentially exculpatory content of those records in the exercise of reasonable diligence. These factors included that, the trial court would not order the records released having found that they contained no information beneficial to Mr. Covender, Mr. Covender could not obtain the records

because the victim's guardian was the only person authorized to release the records during the time that Mr. Covender was in prison, and Mr. Covender had done everything possible after his release from prison to obtain the records at issue. *Id.* at ¶ 17, 21; *see also State v. Jalowiec*, 9th Dist. Lorain No. 02CA008130, 2003-Ohio-3152, ¶ 8 ("Mr. Jalowiec failed to show that he was unavoidably prevented from discovery of the facts [contained within an undisclosed police report] during the six years that passed between his conviction and this second petition for post[-]conviction relief.").

{¶12} Here, there is no indication that Mr. Leyman made any effort to obtain the evidence on which he now relies within the time limitations applicable to petitions for post-conviction relief or motions for a new trial. Further, Mr. Leyman has not explained why he could not have retained the services of a private investigator and made a public records request (the vehicles he ultimately employed to discover the information on which his petition is based) sooner than 2013. *See* R.C. 149.43(B) (authorizing public records requests); Am.H.B. No. 421, 1998 Ohio Laws 122 (effective May 6, 1998) (version of R.C. 149.43(B) in effect at the time Mr. Leyman was indicted, permitted public records inspection and copying).

{¶13} Further, even were this Court to assume that Mr. Leyman was unavoidably prevented from discovering the facts on which he relies until February and March of 2013, the petition was filed seven months thereafter.[3] This Court cannot discern in the petition an explanation of why there existed such a delay between discovery of the facts on which his petition is based and the filing of his petition, or whether this length of delay was reasonable

---

[3] In his reply brief, Mr. Leyman maintains that it was not unreasonable, based upon the size of the petition and its attachments, that it took his counsel "six months from late April 2013 [after a parole hearing] to late October 2013 to construct and file the [post-conviction relief p]etition." In support, Mr. Leyman relies on numerous facts outside of the record, which this Court may not consider.

under the facts of this case.[4] *State v. Yates*, 8th Dist. Cuyahoga No. 96664, 2011-Ohio-4962, ¶ 9 (where seven months elapsed between defendant gaining knowledge of basis for motion for new trial and his filing of his motion for leave to file motion for new trial, and where he failed to offer an explanation in his motion for the seven-month delay, he failed to establish by clear and convincing evidence that he was unavoidably delayed in filing).

{¶14} Based upon the foregoing, the trial court did not err in dismissing Mr. Leyman's petition as untimely or in denying his motion for leave to file a motion for new trial instanter. Accordingly, Mr. Leyman's first and third assignments of error are overruled.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY DENYING [MR. LEYMAN'S] MOTION FOR SUMMARY JUDGMENT.

{¶15} In his second assignment of error, Mr. Leyman argues that the trial court erred in denying his motion for summary judgment on his post-conviction relief petition. We disagree.

{¶16} Based upon our resolution of Mr. Leyman's first assignment of error, the trial court did not err in determining that Mr. Leyman's petition was untimely, and therefore, it lacked the authority to consider the petition. *See State v. Taylor*, 9th Dist. Lorain No. 14CA010549, 2014-Ohio-5738, ¶ 9 ("A defendant's failure to either timely file a petition for post-conviction relief or to meet his burden under R.C. 2953.23(A)(1) deprives a trial court of jurisdiction to entertain the petition.").

---

[4] In his reply brief, Mr. Leyman maintains that his "affidavit and other items in his [post-conviction relief p]etition highlight the events that form the timeline from April 2012 [when defense counsel spoke to witnesses involved in the case] to October 2013, thus the record adequately explains the reasonableness of the time it took to build the post-conviction case and file a petition." However, he fails to develop this argument by specifying what those events included or by citing to portions of the record where these events can be located.

{¶17} Accordingly, given the trial court's proper dismissal of the petition, Mr. Leyman's argument that the trial court should have granted him summary judgment on the petition lacks merit and is overruled.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED BY NOT ADDRESSING (AND IMPLICITLY DENYING) [MR. LEYMAN'S] MOTION FOR GRAND JURY TRANSCRIPTS.

{¶18} In his fourth assignment of error, Mr. Leyman argues that the trial court erred in failing to grant his motion for the transcript of proceedings before the grand jury. We disagree.

{¶19} Here, in his motion for grand jury transcripts, Mr. Leyman specified that, based upon the discrepancies in the trial testimony and later statements made by witnesses in this case, as detailed in his motion for post-conviction relief, he had a particularized need for information as to who testified before the grand jury and to what they testified, so that his petition for post-conviction relief and motion for leave to file a motion for a new trial could be fairly adjudicated. The trial court did not explicitly rule on the motion for release of grand jury transcripts, and because it was specifically directed to adjudication of his petition and motion, we conclude that it was implicitly denied by the dismissal of his petition and denial of his motion. *See Miller v. Akron Gen. Med. Ctr.*, 9th Dist. Summit No. 27493, 2015-Ohio-2626, ¶ 18, quoting *George Ford Constr., Inc. v. Hissong*, 9th Dist. Summit No. 22756, 2006-Ohio-919, ¶ 12. The decision whether to release grand jury transcripts is within the sound discretion of the trial court. *State v. Greer*, 66 Ohio St.2d 139 (1981), paragraph one of the syllabus. Accordingly, we will not reverse a trial court's denial of a motion for release absent an abuse of discretion. *See id.* An abuse of discretion implies that the court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore*, 5 Ohio St.3d at 219.

{¶20} "Grand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy." *Greer* at paragraph two of the syllabus.

{¶21} Here, in his motion, Mr. Leyman maintained that the evidence he discovered which formed the basis of his petition for post-conviction relief and his motion for leave to file a motion for new trial indicated that there were several discrepancies in the accounts of abuse as relayed by his stepchildren and ex-wife. He appears to have therein speculated that the grand jury transcripts may contain information that would be useful in adjudicating his petition/motion, and he requested the trial court to review the transcripts in camera to make this determination. However, such speculation fails to demonstrate a particularized need. *See State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, ¶ 44 ("speculative claim that the grand jury testimony might have contained material evidence or might have aided [defendant's] cross-examination does not establish a particularized need"). Further, given our resolution of the first and third assignments of error, wherein we concluded that the trial court did not err in dismissing the petition and denying the motion, the need cited by Mr. Leyman (to assist in fairly adjudicating his petition/motion) is moot. *State v. Sellards*, 17 Ohio St.3d 169, 173 (1985) (where there existed the potential for mistrial because of purported prosecutorial misconduct by the State intentionally withholding the dates of the offenses from the defendant, the defendant had demonstrated particularized need for the grand jury transcripts).

{¶22} Accordingly, we cannot say the trial court abused its discretion in failing to grant Mr. Leyman's motion for the release of grand jury transcripts. Mr. Leyman's fourth assignment of error is overruled.

III.

**{¶23}** Mr. Leyman's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

STEPHEN P. HANUDEL, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.