[Cite as *State v. Higdon*, 2020-Ohio-4012.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 19CA0090-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| THEODORE W. HIGDON | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 12CR0731 |

DECISION AND JOURNAL ENTRY

Dated: August 10, 2020

SCHAFER, Judge.

{¶1} Defendant-Appellant, Theodore Higdon, appeals the judgment entry of the Medina County Court of Common Pleas denying his motion for leave to file a motion for new trial. We affirm.

I.

{¶2} We previously set forth the facts of this case in *State v. Higdon*, 9th Dist. Medina No. 14CA0014-M, 2015-Ohio-1592. Relevant to this appeal, following a jury trial, Mr. Higdon was found guilty of rape of a victim under the age of 13 in violation R.C. 2907.02. This Court affirmed his conviction. *Id.* at ¶ 21.

{¶3} More than five and half years following his conviction, Mr. Higdon filed a pro se motion for leave to file a motion for a new trial pursuant to Crim.R. 33(B) on the basis of newly discovered evidence. The State responded in opposition to Mr. Higdon's motion. The trial court denied Mr. Higdon's motion for leave.

{¶4} Mr. Higdon subsequently filed this appeal, raising three assignments of error for our review.

## II.

### Assignment of Error I

**Evidence collection failed to follow the normal rules of evidence. [C.H.] was allowed to go alone to collect the clothing that allegedly was worn by [Mr. Higdon]'s daughter the night of the alleged incident, putting the alleged clothing into a paper bag and handing it to the police officer as "gathered evidence". The alleged clothing was found amongst other dirty laundry thus contaminating any alleged DNA samples. This failure to follow the rules of evidence collection, including chain of custody, are violations of [Mr. Higdon]'s Sixth Amendment rights, and his rights of Due Process. This was also not brought before the jury prejudicing the decision.**

### Assignment of Error II

**The unnecessary destruction of the DNA sample swatch prevented [Mr. Higdon] to have an independent test done as is his right. Because he was denied this right [Mr. Higdon] was never made aware that there was a third DNA contributor of amylase that remains unidentified. This violates [Mr. Higdon]'s Sixth Amendment rights, and his rights of Due Process under the Fifth and Fourteenth Amendments of the U.S. Constitution and analogous rights under the Ohio Constitution.**

### Assignment of Error III

**The State of Ohio withheld the lack of identification of a third contributor of amylase, or that there had been a third contributor. Whether this withholding of exculpatory evidence was intentional or unintentional, the effect was the same; [Mr. Higdon] was denied presenting this evidence to the jury which was prejudicial at minimum, but with this evidence the result of the jury's decision could have reasonably come to a different conclusion. That there was a third, unidentified contributor of amylase was not presented to the jury nor to [Mr. Higdon] all throughout his attempts to overturn this manifest injustice of being incarcerated for a crime he did not commit. Thus[, Mr. Higdon's] rights to a fair trial and his due process rights guaranteed under the U.S. Constitution under the Sixth, Eighth and Fourteenth amendments and analogous Ohio Constitution were violated.**

{¶5} In his first assignment of error, Mr. Higdon contends that the collection of evidence in this case "failed to follow the normal rules of evidence." In his second assignment of error, Mr.

Higdon argues that he was not made aware of a third DNA contributor on his daughter's underwear due to the destruction of the DNA sample swatch resulting in the "flawed presentation of inconclusive evidence to the jury." In his third assignment of error, Mr. Higdon contends that the prosecution mislead the jury when it "withheld the lack of identification of a third contributor of amylase, or that there had been a third contributor."

{¶6} Crim.R. 33(A)(6) provides that a new trial may be granted upon motion of the defendant on the grounds that "new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Pursuant to Crim.R. 33(B) a motion for a new trial on account of newly discovered evidence must be filed within 120 days after the verdict is rendered. "A defendant who wishes to file a motion outside the prescribed time limit must seek leave from the trial court to file a delayed motion for new trial." (Internal quotations and citations omitted.) *State v. Williams*, 9th Dist. Summit No. 28572, 2017-Ohio-8475, ¶ 8. Such a motion must demonstrate by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence on which he must rely. *Id.*; Crim.R. 33(B). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. An unavoidable delay occurs when a defendant had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of its existence in the exercise of reasonable diligence within the time required. *Williams* at ¶ 9.

{¶7} Crim.R. 33(B) does not provide a time limit for the filing of a motion for leave to file a delayed motion for a new trial on the basis of newly discovered evidence. *See* Crim.R. 33(B). However, Ohio courts have adopted a reasonableness standard, and consequently, a trial court may

require a defendant to file his motion for leave to file a motion for a new trial within a reasonable amount of time after he discovered the evidence. *State v. Leyman*, 9th Dist. Medina No. 14CA0037-M, 2016-Ohio-59, ¶ 9.

{¶8} More than five and half years following his conviction, Mr. Higdon moved the trial court for leave to file a motion for a new trial pursuant to Crim.R. 33(B) arguing that he had "discovered new evidence that is material and would be substantial ground upon which to permit him to file a motion for new trial." The evidence Mr. Higdon asserts to be newly discovered is the report of a scientific study he claims "showed that labs that test DNA that contained multiple contributors were most often incorrect." He further asserted that he was unavoidably prevented from discovering this evidence prior to his trial because the United States government had withheld the release of this report and, because he was incarcerated, he was not aware of its subsequent release until a fellow inmate shared with him a news article about the report. The State responded in opposition to Mr. Higdon's motion.

{¶9} In its journal entry denying Mr. Higdon's motion for leave, the trial court noted that Mr. Higdon had not presented any support for his claim that the United States government had concealed, suppressed, or withheld the report and stated that Mr. Higdon's mere discovery of the report did not entitle him to a new trial. The trial court went on to state that even assuming that Mr. Higdon was able to show that the report was newly discovered evidence favorable to him and that he was unavoidably prevented from discovering it, the study would not have altered the outcome of the trial.

{¶10} "A trial court's decision to grant or deny a motion for leave to file a delayed motion for a new trial will not be reversed on appeal absent an abuse of discretion." *State v. Davis*, 9th Dist. Lorain No. 12CA010256, 2013-Ohio-846, ¶ 6. An abuse of discretion implies the trial court's

decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶11} A review of Mr. Hidgon's merit brief shows that he does not raise an argument in any of his three assignments of error as to how the trial court abused its discretion in denying his motion for leave to file a motion for a new trial. To an extent such an argument may exist, it is not this Court's duty to root it out. *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998), citing App.R. 12(A)(2) and App.R. 16(A)(7). Because Mr. Higdon has not met his burden to establish error on appeal, we overrule his assignments of error.

III.

{¶12} Mr. Higdon's first, second, and third assignments of error are overruled.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                                 _____

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P. J.
TEODOSIO, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

THEODORE W. HIGDON, pro se, Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.