[Cite as *State v. Gutierrez*, 2022-Ohio-2252.]

STATE OF OHIO      )           IN THE COURT OF APPEALS
                          )ss:        NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE    )

| STATE OF OHIO | C.A. No. 21AP0033 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| VICTOR GUTIERREZ | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2018 CRC-I 000069 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2022

HENSAL, Presiding Judge.

**{¶1}** Victor Gutierrez appeals from the judgment of the Wayne County Court of Common Pleas that denied his motion for leave to file a delayed motion for a new trial. This Court affirms.

I.

**{¶2}** This Court set forth the factual background of this case in *State v. Gutierrez*, 9th Dist. Wayne No. 18AP0043, 2019-Ohio-4626, as follows:

> A convicted drug trafficker ("A.P.") was caught by his probation officer with 5 grams of cocaine and $4,000.00 in cash while on community control. He soon struck a deal to be paid $550.00 and avoid prosecution by cooperating with the Medway Drug Enforcement Agency ("Medway") in an investigation into the alleged source of his cocaine: Mr. Gutierrez. Through recorded phone calls and texting, A.P. arranged to purchase cocaine from Mr. Gutierrez, which soon led to a controlled buy where A.P. made a partial payment of $600.00 cash to Mr. Gutierrez's associate ("K.O.") and received a "brick" of cocaine weighing 140.45 grams. On two separate occasions, and while under surveillance, A.P. met Mr. Gutierrez and paid him another $3,900.00 cash and $1,500.00 cash, respectively. The money used by A.P. to pay for the drugs was all documented and supplied by Medway.

Mr. Gutierrez was charged with two first-degree felonies–trafficking in cocaine and possession of cocaine–both of which were accompanied by major drug offender ("MDO") specifications.

*Id.* at ¶ 2-3. The matter proceeded to a bench trial on August 13, 2018. After the trial, "the trial court granted Mr. Gutierrez's Crim.R. 29 motion for acquittal as to the possession charge, but then found him complicit in, and therefore guilty of, the trafficking charge and its attendant MDO specification." *Id.* at ¶ 3. "The court sentenced him to a mandatory prison term of 11 years and imposed a mandatory fine of $10,000.00." *Id.* Mr. Gutierrez filed a direct appeal, and this Court affirmed his convictions on November 12, 2019. *Id.* at ¶ 19.

{¶3} On January 22, 2021, almost two and one-half years after the trial, Mr. Gutierrez filed a pro se motion for leave to file a delayed motion for a new trial. In it, he acknowledged that the deadline for filing a motion for a new trial under Criminal Rule 33(B) had passed. He argued, however, that he should be granted leave to file a delayed motion for a new trial because his motion was based upon newly discovered evidence, and he was unavoidably prevented from filing a motion for a new trial sooner.

{¶4} More specifically, Mr. Gutierrez argued that on November 6, 2020, he received an affidavit from his sister indicating that she had recorded a video of a police search of his home that occurred in November 2017 (i.e., prior to his trial). Mr. Gutierrez argued that this video would serve to impeach some of the trial testimony of the police who testified that they did not recall conducting a search of his home, which would undermine their credibility and, accordingly, would undermine the State's entire case against him. Mr. Gutierrez admitted that he knew at the time of trial that the police had searched his home, and that he brought this to the attention of his trial counsel when the police testified that they had not searched his home. According to Mr. Gutierrez, his trial counsel told him there was no way of proving that the search occurred, and that – since no

evidence was obtained and used at trial as a result of that search – there was no benefit in bringing it to the trial court's attention. His trial counsel, therefore, did not pursue the issue.

{¶5} Mr. Gutierrez asserted that he spoke with his sister on the phone after his conviction. In his affidavit attached to his motion for leave, Mr. Gutierrez averred that this conversation occurred sometime between September and November of 2020. During that call, his sister told him that she had recorded a video on her cell phone of the police search. Mr. Gutierrez asserted that, prior to that call, he was unaware that a video existed, and that he never pursued the issue since his trial counsel told him it would be of no benefit.

{¶6} The State opposed Mr. Gutierrez's motion for leave and the trial court held a hearing on the issue of whether Mr. Gutierrez was unavoidably prevented from filing his motion for a new trial sooner. Mr. Gutierrez's sister testified at the hearing. According to her, she and her mother were home at the time of the police search in 2017, but she was not at Mr. Gutierrez's trial and was unaware that the police testified that they did not search Mr. Gutierrez's home. She testified that she first learned of this when she spoke to Mr. Gutierrez in the Fall of 2018, about three months after his trial. In her affidavit, however, which she executed on November 3, 2020, Mr. Gutierrez's sister averred that she "recently learned" that one of the officers who searched their home testified that he did not search Mr. Gutierrez's home. Mr. Gutierrez's sister testified that it "took [her] a while" to get the videos, which she did not produce until November 2020.

{¶7} After the hearing, the trial court concluded that Mr. Gutierrez failed to meet his burden of demonstrating by clear and convincing evidence that he was unavoidably prevented from filing a timely motion for a new trial. In reaching this conclusion, the trial court found that Mr. Gutierrez could have discovered the "newly discovered" evidence if he had exercised

reasonable diligence. Mr. Gutierrez now appeals that decision, raising two assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS WHEN IT DETERMINED APPELLANT FAILED TO EXERCISE REASONABLE DILIGENCE[.]

{¶8}  In his first assignment of error, Mr. Gutierrez argues that the trial court abused its discretion by determining that he failed to exercise reasonable diligence related to the discovery of the video of the police search. For the reasons that follow, this Court disagrees.

{¶9}  We begin our analysis by noting that Mr. Gutierrez filed a delayed motion for a new trial along with his motion for leave. "Although a defendant may file his motion for a new trial along with his request for leave to file such motion, 'the trial court may not consider the merits of the motion for a new trial until it makes a finding of unavoidable delay[.]'" *State v. Covender*, 9th Dist. Lorain No. 11CA010093, 2012-Ohio-6105, ¶ 13, quoting *State v. Brown*, 8th Dist. Cuyahoga No. 95253, 2011-Ohio-1080, ¶ 14. This Court's review on appeal is limited to whether the trial court erred by denying Mr. Gutierrez's motion for leave. Accordingly, this Court will not address the merits of Mr. Gutierrez's delayed motion for a new trial.

{¶10}  "A trial court's decision to grant or deny a motion for leave to file a delayed motion for a new trial will not be reversed on appeal absent an abuse of discretion." *State v. Leyman*, 9th Dist. Medina No. 14CA0037-M, 2016-Ohio-59, ¶ 7. "An abuse of discretion implies that the court's decision is unreasonable, arbitrary, or unconscionable." *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶11} When a motion for a new trial is based upon newly discovered evidence, it must be filed within 120 days "after the day upon which the verdict was rendered[.]" Crim.R. 33(B). If the motion is not filed within 120 days, the defendant must provide "clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely[.]" *Id.* "While Crim.R. 33(B) does not provide a specific time limit in which defendants must file a motion for leave to file a delayed motion for new trial, many courts have required defendants to file such a motion within a reasonable time after discovering the evidence." *State v. Hill*, 5th Dist. Stark No. 2020CA00019, 2020-Ohio-4050, ¶ 24, quoting *State v. Griffith*, 11th Dist. Trumbull No.2005-T-0038, 2006-Ohio-2935, ¶ 15; *Leyman* at ¶ 9 (same).

{¶12} This Court has stated that "[u]navoidable delay results when the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that ground within the required time in the exercise of reasonable diligence." *Leyman* at ¶ 8, quoting *Covender* at ¶ 14. "[C]riminal defendants and their trial counsel have a duty to make a 'serious effort' of their own to discover potential favorable evidence." *Covender* at ¶ 14, quoting *State v. Anderson*, 10th Dist. Franklin No. 12AP133, 2012-Ohio-4733, ¶ 14.

{¶13} As previously noted, Mr. Gutierrez was convicted on August 13, 2018. He filed his motion for leave to file a delayed motion for a new trial almost two and one-half years later on January 22, 2021. According to him, he always knew that the police searched his home, but he did not know his sister had a video of the search until he spoke with her after his conviction. According to his sister's testimony at the hearing on Mr. Gutierrez's motion, she spoke with Mr. Gutierrez in the Fall of 2018, which is when she learned that the police testified that they did not search Mr. Gutierrez's home. She did not produce the video or her affidavit until two years later

in November 2020. According to Mr. Gutierrez, he did not pursue any evidence related to the search of his home because his trial counsel told him there would be no way to prove that the search occurred and, since no evidence from that search was introduced at trial, there would be no benefit to bringing it to the trial court's attention.

{¶14} Despite Mr. Gutierrez's arguments to the contrary, this Court cannot say that the trial court abused its discretion when it denied his motion for leave to file a delayed motion for a new trial. Mr. Gutierrez admitted that he always knew the police searched his home. While we are mindful of his assertions that his trial counsel chose not to pursue any evidence in that regard, Mr. Gutierrez had the duty to make a serious effort to discover potentially favorable evidence. *See Covender* at ¶ 14. Moreover, his sister testified that she spoke with Mr. Gutierrez in the Fall of 2018, which is when she learned that the police testified at Mr. Gutierrez's trial that they did not search his home. Mr. Gutierrez did not file his motion for leave, however, until January 2021. While his sister did testify that it took some time to locate the videos, Mr. Gutierrez knew, at the latest, in the Fall of 2018, that his sister was present for the police search. We cannot say that the trial court erred by concluding that Mr. Gutierrez failed to meet his burden of demonstrating by clear and convincing evidence that he was unavoidably prevented from filing a timely motion for a new trial. Mr. Gutierrez's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLA[TE] COUNSEL ON HIS DIRECT APPEAL OF RIGHT, WHEN COUNSEL FAILED TO INFORM HIM OF POTENTIAL POST-CONVICTION ISSUES AND THE MANDATORY PROCEDURES INVOLVED WITH SUCH PROCEEDING.

{¶15} In his second assignment of error, Mr. Gutierrez argues that he received ineffective assistance of appellate counsel[1] because his appellate counsel did not inform him of potential post-conviction issues, or the procedures involved with those issues. For the reasons that follow, this Court disagrees.

{¶16} As this Court has stated, filing an application for reopening under Appellate Rule 26(B) "is the appropriate remedy for asserting a claim for ineffective assistance of appellate counsel." *State v. Hale*, 9th Dist. Summit No. 29096, 2019-Ohio-3466, ¶ 10, citing *State v. Buck*, 9th Dist. Summit No. 27597, 2017-Ohio-273, ¶ 19. His claim for ineffective assistance of appellate counsel, therefore, is not properly before this Court. *Id.*

{¶17} Moreover, Mr. Gutierrez's reliance on *Gunner v. Welch*, 749 F.3d 511 (6th Cir.2014) is misplaced. There, in the context of federal habeas relief, the Sixth Circuit held that the defendant's appellate counsel rendered ineffective assistance by not informing the defendant of the time requirements for filing a petition for post-conviction relief. *Id.* at 520. The Sixth Circuit, therefore, concluded that the defendant's appellate counsel's ineffective assistance "excuse[d] the procedural default that would otherwise subject the petition for habeas corpus to dismissal." *Id.* Like other state appellate courts that have considered *Gunner*, we conclude that its holding is inapplicable to the case before us. *See State v. Clark*, 7th Dist. Mahoning No. 08 MA 15, 2015-Ohio-2584, ¶ 32 (addressing *Gunner* and concluding that "a procedural default *in filing for habeas relief* does not provide an excuse for filing an untimely application for reopening

---

[1] We note that Mr. Gutierrez's merit brief also discusses his trial counsel. As this Court has stated, however, "an appellant's assignment of error provides this Court with a roadmap to guide our review." *In re Guardianship of Bakhtiar*, 9th Dist. Lorain No. 16CA010932, 2017-Ohio-5835, ¶ 9, quoting *Taylor v. Hamlin–Scanlon*, 9th Dist. Summit No. 23873, 2008-Ohio-1912, ¶ 12.

in a state appellate court[.]"); *State v. Taylor*, 8th Dist. Cuyahoga No. 102020, 2015-Ohio-1314, ¶ 14-15 (declining to apply *Gunner*).

{¶18} In light of the foregoing, Mr. Gutierrez's second assignment of error is overruled.

III.

{¶19} Mr. Gutierrez's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
SUTTON, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

VICTOR GUTIERREZ, pro se, Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and MICHAEL COOPER, Assistant Prosecuting Attorney, for Appellee.