[Cite as *State v. Hill*, 2019-Ohio-1606.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2019CA00005 |
| FREDERICK M. HILL | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:    Criminal appeal from the Stark County
                            Court of Common Pleas, Case No.
                            2017CR0700

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     April 29, 2019

APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

JOHN D. FERRERO                      FREDERICK M. HILL, PRO SE
Prosecuting Attorney                 Inmate No. 701-883
BY: KATHLEEN O. TATARSKY             Richland Correctional Institution
Assistant Prosecutor                 1001 Olivesburg Road, P.O. Box 8107
110 Central Plaza, South             Mansfield, OH 44905
Canton, OH  44702

*Gwin, P.J.*

{¶1}    Appellant Frederick Hill appeals the December 19, 2018 judgment entry of the Stark County Court of Common Pleas denying his motion requesting final appealable order.  Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}    On April 21, 2017, the Stark County Grand Jury indicted appellant one count (Count One) of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the first degree, one count (Count Two) of possession of marijuana in violation of R.C. 2925.11(A)(C)(3)(g), a felony of the second degree, one count (Count Three) of illegal cultivation of marijuana in violation of R.C. 2925.04(A)(C)(5)(f), a felony of the second degree, one count (Count Four) of trafficking in marijuana in violation of R.C. 2925.03(A)(2)(C)(3)(g), a felony of the second degree, one count (Count Five) of discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3)(C)(2), a felony of the third degree, and one count (Count Six) of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(A) and/or (B), a felony of the fourth degree.  The felonious assault count included a firearm specification pursuant to R.C. 2941.145, a discharging a firearm from a motor vehicle specification pursuant to R.C. 2941.146, and a firearm specification pursuant to R.C. 2941.1412, which prohibits discharging a firearm at a peace officer or corrections officer.

{¶3}    A jury found appellant guilty of all of the counts and specifications with the exception that the jury was unable to reach a verdict on Count Four, trafficking in marijuana, and the trial court declared a mistrial as to that count.  At the request of appellee, a nolle proesequi was entered on such count on September 30, 2017.

**{¶4}** The trial court issued an entry stating appellant was found guilty by the jury and deferring sentence until September 5, 2017. The trial court issued a judgment entry on September 20, 2017 after the September 5, 2017 sentencing hearing. The trial court sentenced appellant to a total prison term of twenty-seven years.

**{¶5}** Appellant filed a direct appeal of his conviction and sentence. Appellant argued the trial court erred when it ordered him to serve his firearm specification consecutively with his discharging a firearm from a motor vehicle specification and the trial court erred by instructing the jury on flight. In *State v. Hill*, 5th Dist. Stark No. 2017CA00183, 2018-Ohio-3901, this Court overruled appellant's assignments of error and affirmed appellant's conviction and sentence.

**{¶6}** On December 10, 2018, appellant filed a "motion requesting final appealable order." Appellant argued the sentencing entry did not comply with Criminal Rule 32(C) because it did not contain the signature of the trial judge. The trial court denied appellant's motion on December 19, 2018.

**{¶7}** Appellant appeals the December 19, 2018 judgment entry of the Stark County Court of Common Pleas and assigns the following as error:

**{¶8}** "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION REQUESTING FINAL APPEALABLE ORDER BECAUSE THE JUDGMENT ENTRIES IN QUESTION WERE NEVER SIGNED BY A TRIAL JUDGE AND THUS RENDERING THE SENTENCE AND CONVICTION INTERLOCUTORY UNDER CRIM. R. 32(C)."

**{¶9}** Appellant argues no final appealable order has been issued in this case because the trial court's judgment entries lack the signature of the trial judge. Appellant

contends since the sentencing entry lacks the signature of the trial judge, there is a violation of *State v. Baker*, 119 Ohio St.3d 197, 893 N.E.2d 163 (2008).

**{¶10}** Pursuant to Criminal Rule 32(C) and the Ohio Supreme Court's decisions in *State v. Baker*, 119 Ohio St.3d 197, 893 N.E.2d 163 (2008) and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, a defendant is entitled to a sentencing entry that clearly states, (1) the fact of the conviction; (2) the sentence; (3) the judge's signature; and (4) the time stamp indicating the entry upon the journal by the clerk.

**{¶11}** Though appellant contends there has never been a final appealable order issued in this case, we disagree. Upon review of the record, the sentencing entry issued on September 20, 2017, includes the fact of the conviction, the sentence, and the time stamp indicating the entry upon the journal by the clerk. Further, as are all of the judgment entries issued in this case, the sentencing entry is signed by the trial court judge. Accordingly, the judgment entry of conviction complies with Criminal Rule 32(C) and *Baker*.

**{¶12}** Based on the foregoing, appellant's assignment of error is overruled.

{¶13} The December 19, 2018 judgment entry of the Stark County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Hoffman, J., and

Wise, Earle, J. concur