[Cite as *State v. Hill*, 2020-Ohio-4050.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| FREDERICK M. HILL | : | Case No. 2020CA00019 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Stark County Court
                            of Common Pleas, Case No. 2017-
                            CR-0700

JUDGMENT:                   Affirmed

DATE OF JUDGMENT:           August 11, 2020

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRERO                           FREDERICK M. HILL, Pro se
Prosecuting Attorney                      P.I.N. A-701-883
Stark County, Ohio                        Richland Correctional Inst.
                                          1001 Olivesburg Road
By: KATHLEEN O. TATARSKY                  P.O. Box 8017
Assistant Prosecuting Attorney            Mansfield, Ohio 44901-8107
Appellate Section
110 Central Plaza, South –Suite 510
Canton, Ohio 44702-1413

*Baldwin, J.*

**{¶1}** Appellant, Frederick M. Hill, appeals the Stark County Common Pleas Court's denial of his motion for leave to file a motion for a new trial. Appellee is the State of Ohio.

### STATEMENT OF FACTS AND THE CASE

**{¶2}** Hill previously appealed his August 31, 2017 conviction to this court and to the Supreme Court of Ohio. As a result one of the charges was dismissed by appellee, but the balance of the verdict was confirmed. Hill now contends that he has acquired evidence that will have a material impact on his case. The evidence, three photographs and a police officer's affidavit, were purportedly acquired by Hill in January 2019 from his trial counsel. Hill contends that this evidence will demonstrate that the search warrant for the warehouse containing the marijuana farm should have been suppressed and that any conviction based upon that evidence must be reversed.

**{¶3}** In 2017, the Stark County Grand Jury indicted Hill on one count (Count One) of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the first degree, one count (Count Two) of possession of marijuana in violation of R.C. 2925.11(A)(C)(3)(g), a felony of the second degree, one count (Count Three) of illegal cultivation of marijuana in violation of R.C. 2925.04(A)(C)(5)(f), a felony of the second degree, one count (Count Four) of trafficking in marijuana in violation of R.C. 2925.03(A)(2)(C)(3)(g), a felony of the second degree, one count (Count Five) of discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3)(C)(2), a felony of the third degree, and one count (Count Six) of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(A) and/or (B), a felony of the fourth degree. The felonious assault count included

a firearm specification pursuant to R.C. 2941.145, a discharging a firearm from a motor vehicle specification pursuant to R.C. 2941.146 and a firearm specification pursuant to R.C. 2941.1412, which prohibits discharging a firearm at a peace officer or corrections officer. At his arraignment on April 28, 2017, Hill entered a plea of not guilty to the charges.

**{¶4}** Hill's case was presented to a jury beginning August 29, 2017. A comprehensive review of the evidence is unnecessary, but some references are pertinent.

**{¶5}** On March 20, 2017, Detective Jesse Gambs of the Canton Police Department's Special Investigations Unit was assigned to investigate a possible marijuana grow operation located in a commercial warehouse at 1805 Allen Avenue SE in Canton, Ohio. He began his investigation by obtaining the electric records for that address for the past two years and he discovered the electric bill was in the name of Price is Right Auto Sales, LLC which was registered in appellant's name. Detective Gambs next obtained a search warrant for thermal imaging of the building but the result was inconclusive, so he and another detective decided to attempt what Gambs described as "knock and talk." The detectives planned to knock on the warehouse doors and talk with whoever answered with the goal of gathering relevant evidence. They approached the building and knocked on two doors but no one answered. Detective Gambs noticed an odor of growing marijuana while he was at the door. The Detective completed an affidavit for a warrant, including a reference to the odor of marijuana, then returned to the scene and executed the warrant, leading to the discovery of what appeared to be a marijuana growing operation and, ultimately, the arrest of Hill.

**{¶6}** The record contains references to a fence and gate in the vicinity of the warehouse, a relevant fact in our analysis of the trial court's denial of Hill's motion for leave During the trial, Hill mentioned opening the gate in the fence and Officer Gambs described a gate across the driveway to the warehouse and made several references to the fence.

**{¶7}** On August 31, 2017 the jury found Hill guilty of all of the counts and specifications except Count Four, trafficking marijuana. The jury was unable to reach a verdict, the trial court declared a mistrial as to that count and a nolle prosequi was entered. On September 20, 2017 Hill was sentenced to a total prison term of 27 years.

**{¶8}** Hill filed a direct appeal of his conviction and sentence. We overruled Hill's assignments of error and affirmed Hill's conviction and sentence. *State v. Hill,* 5th Dist. Stark No. 2017CA00183, 2018-Ohio-3901, ¶ 30 motion for delayed appeal granted, 154 Ohio St.3d 1499, 2019-Ohio-345, 116 N.E.3d 153, (2019) appeal not allowed,155 Ohio St.3d 1455, 2019-Ohio-1759, 122 N.E.3d 216.

**{¶9}** On December 10, 2018, Hill filed a "motion requesting final appealable order" arguing the sentencing entry did not comply with Criminal Rule 32(C) because it did not contain the signature of the trial judge. The trial court denied Hill's motion and he filed an appeal, pro se, with this court. We denied the assignment of error and affirmed the trial court's decision on April 29, 2019. *State v. Hill,* 5th Dist. Stark No. 2019CA00005, 2019-Ohio-1606, appeal not allowed, 156 Ohio St.3d 1477, 2019-Ohio-3148, 128 N.E. 3d 235 (2019).

{¶10} Hill filed a motion to re-open his direct appeal and focused his attack on the charge of improperly handling a firearm in a vehicle. That charge was ultimately dismissed.

{¶11} Hill next filed a "Motion for Leave to File Delayed Motion for New Trial Pursuant to Ohio Criminal Rule 33 (B)" in which he requested leave because:

> The documents received on or about on or about January 10, 2019, were the first time Hill was aware that trial counsel possessed documents that that could be used to challenge the search warrant. Moreover, as more fully argued in the Motion for New Trial pursuant to Crim.R. 33(A), the new information shows that the "knock and talk" method used to obtain the search warrant was illegal and subject to suppression. Thus, not only was counsel ineffective for abandoning the motion to suppress, counsel was equally ineffective in failing to make that information part of the record.

{¶12} Appellee opposed the motion arguing that it was untimely, was an attempt to impeach a witness and would not change the outcome of the trial. The trial court denied the motion concluding that Hill had not demonstrated how or why he was unavoidably prevented from the discovery of the "newly discovered" evidence within the time limitations of Crim.R. 33. "The trial court also found that "[t]he Defendant has not provided evidence in support of his motion which would require the Court to set an evidentiary hearing in this matter." (Judgment Entry Dec. 23, 2019, pp. 2-3).

{¶13} Hill appealed the trial court's decision and submitted two assignments of error:

**{¶14}** "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DETERMINED THAT TRIAL COUNSEL'S FAILURE TO USE AVAILABLE EVIDENCE TO CHALLENGE THE MANNER IN WHICH LAW ENFORCEMENT OBTAINED THE SEARCH WARRANT IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, DID NOT CREATE A STRONG PROBABILITY OF A DIFFERENT OUTCOME WERE A NEW TRIAL TO BE GRANTED."

**{¶15}** "II. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, WHEN COUNSEL FAILED TO INFORM HIS CLIENT OF THE POTENTIAL POST-CONVICTION ISSUES IN HIS CASE OR THE MANDATORY PROCEDURES INVOLVED WITH SUCH PLEADINGS."

**{¶16}** We must preliminarily find that Hill's assignments of error focus upon issues that were not properly before the trial court. The trial court denied Hill's motion for leave to file a motion for new trial. While we recognize the trial court did comment on the merits of the motion and the likelihood of a different outcome if a new trial was granted, we will not consider that portion of the trial court's entry as pertinent to the disposal of this appeal as those comments were unnecessary to resolve the motion for leave to file a motion for a new trial. That portion of the opinion may have been relevant in the context of reviewing a motion for a new trial, but because such a motion was not before the trial court we will disregard them in our analysis.

**STANDARD OF REVIEW**

**{¶17}** A motion for a new trial pursuant to Crim.R. 33 is addressed to the sound discretion of the trial court. *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990). It is also within the discretion of the trial court to determine whether a motion for a new trial and the material submitted with the motion warrants an evidentiary hearing. *State v. Hill,* 64 Ohio St.3d 313, 333, 1992–Ohio–43, 595 N.E.2d 884 (1992). To constitute an abuse of discretion, a trial court's decision must be unreasonable, unconscionable, or arbitrary. *State v. Adams,* 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

**{¶18}** Crim.R. 33(B) provides that a motion for new trial based on newly discovered evidence must be filed:

> [W]ithin one hundred twenty days after the day upon which the verdict was rendered. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

**{¶19}** The verdict in Hill's case was rendered on August 31, 2017 but his motion was not filed until November 22, 2019. "Because appellant's motion was filed well outside the 120–day period, he was required to obtain leave of court to file his motion for new trial." *State v. Waddy,* 10th Dist. No. 15AP–397, 2016–Ohio–4911, 68 N.E.3d 381, appeal not allowed, 149 Ohio St.3d 1462, 2017–Ohio–5699, 77 N.E.3d 987 (2017), and cert. denied, U.S. No. 17–71452018 WL 1037605, quoting *State v. Hoover–Moore,* 10th Dist. Franklin No. 2015–Ohio–4863, 14AP–104, ¶ 13. "To obtain such leave, the defendant

must demonstrate by clear and convincing proof that he or she was unavoidably prevented from discovering the evidence within the 120 days." *Id.* A party is "unavoidably prevented" from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion in the exercise of reasonable diligence." *Id.*, quoting *State v. Walden*, 19 Ohio App.3d 141, 145–146, 483 N.E.2d 859 (10th Dist.1984).

**{¶20}** Appellant's proof must be more than conclusory allegations. "Clear and convincing proof that the defendant was 'unavoidably prevented' from filing 'requires more than a mere allegation that a defendant has been unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial.' " *State v. Lee*, 10th Dist. Franklin No. 05AP–229, 2005–Ohio–6374, 2005 WL 3220245, ¶ 9. The requirement of clear and convincing evidence puts the burden on the defendant to prove he was unavoidably prevented from discovering the evidence in a timely manner. *State v. Rodriguez—Baron*, 7th Dist. Mahoning No. 12–MA–44, 2012–Ohio–5360, 2012 WL 5863613, ¶ 11. Clear and convincing proof is that "which will produce in the mind of the trier of facts a firm belief of conviction as to the facts sought to be established." *Schniebel, supra* at 74.

**{¶21}** The "unavoidably prevented" requirement in Crim.R. 33 mirrors the "unavoidably prevented" requirement in R.C. 2953.23. "The phrase 'unavoidably prevented' in R.C. 2953.23(A)(1)(a) means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence*." Id.* at ¶ 28, citing *State v.*

*Howard,* 10th Dist. Franklin No. 15AP–161, 2016–Ohio–504, appeal not allowed, 147 Ohio St.3d 1413, 2016–Ohio–7455, 62 N.E.3d 185.

**{¶22}** Thus, the central inquiry in Hill's motion for leave to file a motion for a new trial is whether he was unaware of the facts disclosed by the new evidence and whether he was unavoidably prevented from obtaining that information through reasonable diligence.

**ANALYSIS**

**{¶23}** Hill contends the newly discovered evidence he relies upon is comprised of three photographs and the affidavit Officer Gambs' submitted to the court for the warrant after the "knock and talk" visit to the warehouse.  Hill contends that he did not discover these documents until he received them in January 2019 purportedly because they were in the possession of his trial counsel and that this evidence reveals that the warrant to search the premises was improperly obtained. Hill's motion suffers from two different delinquencies.

**{¶24}** Hill concedes that he received the materials in January 2019, but he failed to explain to the trial court why he did not file a motion until November, approximately ten months later.  A "'trial court may require a defendant to file his motion for leave to file within a reasonable time after he discovers the evidence.' (Citations omitted.) *State v. Golden,* 10th Dist. Franklin No. 09AP-1004, 2010-Ohio-4438, ¶ 18. As observed by the Seventh District Court of Appeals: "While Crim.R. 33(B) does not provide a specific time limit in which defendants must file a motion for leave to file a delayed motion for new trial, many courts have required defendants to file such a motion within a reasonable time after discovering the evidence. *State v. Griffith*, 11th Dist. No.2005–T–0038, 2006–Ohio–2935,

¶ 15. See also *State v. Berry*, 10th Dist. No. 06AP–803, 2007–Ohio–2244, ¶ 37; *State v. Willis*, 6th Dist. No. L–06–1244, 2007–Ohio–3959, ¶ 20; *State v. Newell*, 8th Dist. No. 84525, 2004–Ohio–6917, ¶ 16; *State v. Stansberry*, 8th Dist. No. 71004, 1997 WL 626063 (Oct. 9, 1997).

{¶25} We find that Hill's failure to provide the trial court with the rational for his delay in filing his motion for leave provided a basis for the denial of the motion, but a second material reason exists for the denial of the motion.

{¶26} The newly discovered evidence Hill relies upon in support of his motion was readily available to him and could have been obtained with reasonable diligence. Hill claims that the photographs and the affidavit of the officer are the newly discovered evidence, but the facts purportedly discovered by appellant are not the photographs, but the photographic view of the fence allegedly surrounding the warehouse in which the marijuana was grown. Hill rented the building and presumably was aware of the presence of the gate in the fence blocking the driveway when he visited the building. Though the photographs may memorialize the condition of the fence at the time they were taken, the view that they provide would have been readily available to Hill and his counsel from the date of his arrest.

{¶27} Hill has failed to provide any evidence to support a conclusion that he was unavoidably prevented from discovering the position of the fence.

{¶28} Likewise, the affidavit of Officer Gambs provides nothing that was not available for Hill's consideration at his trial. Hill contends Officer Gambs' affidavit is newly discovered evidence that the officer approached the warehouse from the rear when, Hill contends, the warehouse is surrounded by a fence. Whether the warehouse was

surrounded by a fence is a fact that Hill knew or could have discovered had he exercised reasonable diligence. Officer Gambs did testify that he approached the building and knocked on a door. Given that evidence, the facts Hill references to support his argument that Officer Gambs could not have approached the building without scaling the fence or otherwise passing through it were discoverable using reasonable diligence and Hill was not unavoidably prevented from acquiring this information.

{¶29} Prior to his purported receipt of the affidavit and photographs Hill filed a motion that reveals his prior knowledge of the facts that he now claims were disclosed by the newly discovered evidence. Hill filed a motion to reopen his appeal on December 10, 2018 in which he argued that "an illegal entrance was made to the property on April 12, 2017, and an illegally obtained search warrant was used to search the building." In this motion he argues "The triggering event of Fourth Amendment analysis in this case is the officers' entry upon the "perimeter" of appellant's property and subsequent progress through the north side of the fence, around the fence which was not open to the public to the rear of the property, allowing them access to the door where an alleged smell of marijuana was present."

{¶30} Within the affidavit Hill filed in support of the motion to reopen his appeal he states "detective Gambs takes it upon himself to commit the illegal crossings of property with a fenced in area and thus, curtilage in the form of a chain-linked fence that was locked and surrounded three quarters of the property. The only opening was at the far back of the property where the property was placed against a set of railroad tracks." He repeats the argument later in his affidavit:

For detective Gambs to get to a door at the warehouse he had to walk around the northwest fence and walk across the yard which was approximately 150 feet from the fence line, which did not contain no (sic) public access to the front door because of the fence being locked. This was in fact a secured, private place that was not open for business, had no one in or on the property to allow access to any door of the warehouse, and for all intentional purposes, contained a curtilage.

When detective Gambs arrived at the location of the warehouse to conduct his "knock and talk", he was only able to perform such and (sic) act by entering onto the curtilage of Appellant's property by going around to the back of the property and into the back yard which violated Appellant's United States Constitution as protected under the Fourth Amendment because the detective and other officers did not have a search warrant at that time and the Appellant had a legitimate expectation of privacy there, and detective Gambs was not lawfully in a place from which he could have smelled any marijuana.

{¶31} The position of the fence in relation to the warehouse and the officer's alleged illegal approach are facts that existed and were known or discoverable by Hill and his counsel from the date of his arrest and were not, in any sense, newly discovered when Hill obtained the photographs and the affidavit. Hill had knowledge of the existence of the grounds supporting the motion for a new trial well in advance of the time prescribed for filing the motion. *State v. Walden, supra*. Hill's prior filing with this court betrays his knowledge of these facts before he received the photographs and affidavit and is fatal to

any argument that Hill was unavoidably prevented from obtaining this information until January 2019 or that these facts were not available for presentation to the court at an earlier date.

{¶32} The trial court also concluded that no hearing was required because "[d]efendant has not provided evidence in support of his motion which would require the Court to set an evidentiary hearing in this matter. Accordingly, he is not entitled to a hearing on this motion." We agree that "[n]o hearing is required, and leave may be summarily denied, where neither the motion nor its supporting affidavits embody prima facie evidence of unavoidable delay. *State v. Baldwin*, 5th Dist. Stark No. 2013CA00134, 2014–Ohio–290, ¶ 24. Affidavits filed outside of the 120–day time limit of Crim. R. 33 that fail to offer a sufficient explanation as to why evidence could not have been obtained sooner are inadequate to show that the movant was unavoidably prevented from obtaining the evidence within the prescribed time. *Ambartsoumov v. Warden, Chillicothe Correctional Inst.,* S.D.Ohio No. 2:12–CV–345, 2014 WL 4805384, *7, internal citations omitted. We find that the record reflects that Hill could have discovered the foundation of his motion early in this case and his motion and affidavit do not demonstrate a sufficient explanation as to why these facts could not have been discovered sooner.

**{¶33}** We hold that the trial court's denial of the motion for leave to file a motion for a new trial and the refusal to conduct a hearing were not an abuse of discretion. Appellant's assignments of error are denied and the ruling of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.